UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:
CHRISTINE SKANDIS

Debtor

Case No.:        19-05319-jtg

Date Filed:      12/26/2019

Chapter 13

Honorable John T. Gregg

Matthew S. DePerno (P52622)
DEPERNO LAW OFFICE, PLLC
Attorney DePerno Law Office, PLLC
951 W. Milham Avenue
PO Box 1595
Portage, MI 49081
(269) 321-5064

**DePERNO LAW OFFICE, PLLC'S MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY & WAIVING THE PROVISIONS OF F.R.B.P 4001(a)(3) as to DePERNO LAW OFFICE, PLLC**

NOW COMES DePerno Law Office, PLLC, by Matthew S. DePerno and hereby moves this Honorable Court pursuant to 11 U.S.C. § 362(a) and (d) and Bankruptcy Rule 4001, for relief from the automatic stay, and respectfully represent to the Court as follows:

A.   **DePerno Law is a Secured Creditor**

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.   Creditor, DePerno Law Office, PLLC ("DePerno Law") performed legal services for Debtor from a period of time starting until August 22, 2018 through August 27, 2019 when Matthew DePerno was released as her attorney by the Michigan Court of Appeals after filing a motion to withdraw as counsel.

3.      On or about June 29, 2019, Debtor and her paramour Larry Fuller signed a group of security agreements. This included:

- Attorney Fee Agreement [Exhibit 1]
- Promissory Note and Future Advance [Exhibit 2]
- Guaranty [Exhibit 3]
- Security Agreement [Exhibit 4]
- Mortgage [Exhibit 5] (as to 312 Hoffman Street, Saugatuck, MI 49453)
- DePerno Law then filed a UCC Financing Statement [Exhibit 6]

4.      When Debtor filed this voluntary petition, she was fully aware that she signed this group of security documents. She was fully aware that Larry Fuller signed a guaranty and the mortgage. She was fully aware that DePerno Law filed a UCC financing statement. Yet, she failed to properly list the debt as secured.

5.      Debtor compounded the problem by intentionally listing DePerno Law's incorrect address. See ECF No. 1, Page 28:

```
Case:19-05319-jtg    Doc #:1    Filed: 12/26/19    Page 28 of 28



               Matthew S. DePerno Esq.
               DePerno Law Office
               54870 N. Main Street
               Mattawan, MI 49071
```

6.      DePerno Law moved from that Mattawan location on April 30, 2013. Debtor knew this fact. Indeed, she has been to the law office location at 951 W. Milham Avenue, Portage, MI 49024 several times. See Exhibit 7, picture of GM Hummer parked at the law office. DePerno Law doesn't know that status of the Hummer, but it may be another asset not listed. See below, generally. Further, Debtor has received approximately 230 emails from DePerno Law which listed the correct address. Debtor has received invoices with the correct address. But perhaps more importantly, all of the security documents list the Portage business address.

2

B. **11 U.S.C. § 352(d)(1); Relief for Cause; Lack of Adequate Protection; Debtor's Failure to Disclose Significant Assets**

7. Based on these agreements and the walk-through, DePerno Law can declare with relative certainty that Debtor owns substantial assets that have not been listed on her bankruptcy schedules. For purposes of this motion, the relevant assets listed by Debtor on her schedules [ECF No. 18] are the following:

| Asset | Value |
|---|---|
| **Schedule A/B** | |
| Personal Household Goods and Furnishing | $5,000.00 |
| Clothing | $350.00 |
| ARTesian Glacier Water, LLC | $1.00 |
| Puttin' On The Ritz (50%) | unknown |
| Skandis Fine Wines, LLC | unknown |
| **TOTAL** | **???** |

Otherwise, she lists no tangible personal assets, and lists no assets of these companies.

8. In order to understand the assets of Debtor, we must also understand the assets of her paramour Larry Fuller. On January 26, 2018, he also filed for Chapter 13 protection (Case No. 18-00295-jtg)[1]. That bankruptcy was dismissed on May 4, 2018 [ECF No. 137]. In his schedules he listed the following assets:

| Asset | Value |
|---|---|
| **Schedule A/B** | |
| Everyday cloth | $1,200.00 |
| **TOTAL** | **???** |

Otherwise, he listed no tangible personal assets. He listed no interest in Puttin' On The Ritz. He listed no interest in any other company.

---

[1] One of many bankruptcies designed to frustrate creditors and hide assets. When the bankruptcies are viewed collectively, Christine Skandis and Larry Fuller appear to own nothing.

3

9. It is mystifying. So we must start with the presumption that Larry Fuller owns nothing, because he so declared on January 26, 2018. That presumption was affirmed during a walk-through of her home at 530 W. South Street, Kalamazoo, MI 49007 when Debtor declared that the contents of the home were owned by her and DEFINITELY NOT owned by Larry Fuller. To declare he owned anything would have meant he lied on his schedules. The undersigned took some pictures of the collateral, but there were other items that were not photographed.

10. The undersigned has no knowledge of the current status of the assets described below, other than to say they were in Debtor's possession as late as August 27, 2019. The undersigned has no knowledge of the actual value of any of these items, other than Debtor's statements that they have value. See attached Exhibit 8, which is Debtor's own assessment of value as of July 11, 2019, which she described as "high value items." On the other hand, it is entirely possible that these items are not authentic or valuable and that Debtor is a grifter or con-artist. If Debtor has sold any of these items in the last 6-months; she should be required to produce a sales receipt and tell the Trustee where the money is located. Or, the Trustee can have the items appraised. The larger point is that she did not list these assets on her schedules. These pictures and he email describing the values rebut Debtor's claim that she has no assets.

11. **Royal wedding beds.** Exhibit 9. Debtor had three (3) wedding beds. She stated that these wedding beds are antiques imported from China. Debtor stated they are handmade and are worth in excess of $30,000 each [Ex 8]. Debtor stated she was having them appraised.

12. **Furniture.** Exhibit 10. There were many other pieces of furniture. Debtor stated that these pieces of furniture are either Chippendale brand or imported from China, including the

4

lacquer Chinese themed cabinets which she claimed are worth in excess of $10,000.00 each [Ex. 8]. She stated she was having these items appraised.

13.     **9x9 foot carved Jade Ship.** Exhibit 11. Debtor stated that this Jade Ship is made entirely of jade and imported from somewhere along the Yangtze River in China. Debtor claimed this boat is worth in excess of $75,000 [Ex. 8]. She did not have the base but claimed it was being restored by a craftsman. On closer inspection, it does not appear to be jade. It is also in terrible shape. After discussing this with some curators, even if it is jade, the pieces are worthless without the other pieces. The more important issue is that SHE claimed it was worth in excess of $75,000 and she didn't list it as an asset.

14.     **Art pieces.** Exhibit 12. Debtor collects art and had it displayed throughout the house. She claimed some of the pieces are worth more than $15,000.

15.     **Other Chinese collectibles.** Exhibit 13. Debtor had other collectibles displayed throughout the house. Not all items were photographed. She always referred to these items at "antique" and "extremely valuable." The second picture shows a lamp sitting on the banister, which Debtor claimed was made entirely from ivory and very valuable.

16.     **Fixtures.** Exhibit 14. Debtor described that some of the elaborate fixtures as antique, including chandeliers, an "antique" shower unit, and pull-handle toilet. Debtor stated these fixtures were very valuable.

17.     **Clothing.** Exhibit 15. The attic was lined with clothing. Nearly all the items still had original sales tags. Debtor claimed these articles were all brand name merchandise (Ralph Lauren, Tommy Hilfiger) that she purchased for pennies when a major retailer closed in Kalamazoo. For Debtor to claim that she has limited clothing is not true.

18.     **Wine.** Exhibit 16. The basement was stacked with cases of wine and loose wine bottles. There were several hundred cases and hundreds of loose bottles. By Debtor's own email, she claimed she had 241 cases of wine, valued in excess of over $180,000. There were also may single bottles that do not fit the descriptions on her list. Debtor claimed she is a wine dealer and has a dealer license.

19.     **Jaguar Saloon.** Exhibit 17. Debtor owns a 1946 Jaguar Saloon. It was prominently displayed on her website www.royal-villas.com; although it now appears that she has taken down that website. Exhibit 18. It can also be found on her Pinterest site at https://www.pinterest.com/skandisfinewine/. She also displays several "classic" boats on that website. Exhibit 19.

20.     **Outdoor bronze statues.** Exhibit 20. These outdoor statues were prominently displayed around her property. Debtor claimed they were worth more than $15,000 each.

21.     **Dante Design Associates, Inc, / Patent.** Debtor also failed to disclose her ownership interest in Dante Design Associates, Inc. The company was incorporated November 19, 1991 and filed its most recent Annual Report on January 17, 2020. Exhibit 21. Dante Design owns Patent No. 6098354. It is unclear if the patent has expired. Nevertheless, the company itself was not listed in the schedules.

22.     **Chris-Craft Boat.** Debtor owns at least one boat that that is not listed as an asset. The undersigned believe it is a Chris-Craft and has seen it several time outside the house in Kalamazoo sitting on a trailer. The value is unknown.

23.     **Larry Fuller.** Debtor made other false statements on her schedules. On Schedule H, she claims she has no co-debtors. Based on the security documents attached, Larry Fuller is a co-debtor.

24.     **Collateral / Items in DePerno Law's Possession.** On the Statement of Financial Affairs [ECF No. 19], Debtor claims she "<u>transferred collectibles, statutes, furniture and antiques, 241 cases of wine</u>" to DePerno Law Office, PLLC. Although she did transfer several items that remain at the office of DePerno Law, pursuant to the Security Agreement, they have nominal value, or just junk or fakes she has tried to pass off as "antique" that can be bought at any flea market. The items in DePerno Law's possession are depicted in <u>Exhibit 22</u>. After discussing this with some curators, the pieces to the so-called jade boat are of nominal value without the other pieces.

- Debtor DID NOT transfer any furniture or antiques. Her statement that she transferred any furniture is FALSE.
- Debtor DID NOT transfer 241 cases of wine. Her statement that she transferred 241 cases of wine is FALSE.

25.     **ARTesian Glacier Water, LLC.** ARTesian Glacier Water, LLC. Debtor listed the value at $1.00. The undersigned did not represent ARTesian Glacier Water, LLC. However, the undersigned is aware that Debtor submitted a request to Northern Initiatives[2] for a loan and also submitted a "Sales and Operating Analysis" in April 2019 to underwriting. Whether funding was obtained is unknown.

26.     Pursuant to the terms of the Promissory Note [Ex 2], Debtor was required to make payments of $1,500.00 per month starting August 1, 2019. Debtor made no payments and was in breach on August 1, 2019.

27.     Pursuant to the terms of the fee agreement [Ex 1], Debtor was required to pay a retainer of $5,000.00 for the appeal with the Michigan Court of Appeals. She made one payment of $1,000.00 on July 16, 2019. No other payments were made.

---

[2] www.northerninitiatives.org

28. On August 21, 2019, DePerno Law moved to withdraw as counsel based on (1) failure to make requirement payments and (2) requesting that the undersigned engage in unethical conduct. The motion was granted on August 27, 2019.

29. Pursuant to the Security Agreement [Ex. 4], DePerno Law has a first position in the items listed as collateral and is entitled to pursue collection. DePerno Law is entitled to the relief sought pursuant to Sections 11 U.S.C. §§ 361 and 362.

30. Debtor's failure to properly list assets and her obvious efforts to hide assets, and defraud creditor's demonstrates sufficient "good cause" to life the automatic stay. 11 U.S.C. § 362(d)(1).

31. DePerno Law requests In Rem relief pursuant to 11 U.S.C. § 362(d)(1) with respect to the collateral described herein as it is clear that Debtor will continue to attempt to frustrate DePerno Law's state law remedies with regard to the collateral. Allowing Debtor to continue in this bankruptcy while simultaneously hiding and selling undisclosed assets would substantially damage DePerno Law.

C. **11 U.S.C. § 352(d)(4)(B); Mortgaged Property; 312 Hoffman Street, Saugatuck, MI 49453**

32. DePerno Law also requests In Rem relief pursuant to 11 U.S.C. § 362(d)(4)(B) with respect to the mortgaged property located at 312 Hoffman Street, Saugatuck, MI 49453 as it is clear that Debtor will continue to attempt to frustrate DePerno's state law remedies with regard to the subject property.

33. Debtor lists the value of 312 Hoffman Street, Saugatuck, MI 49453 as $424,200.00; but also claims that the mortgage balance is $534,849.65. See ECF No. 18, p. 2. Therefore, Debtor does not have any equity in the property.

**D.     Debtor Cannot Accomplish a Reorganization; Bad Faith**

34.    Debtor is a chronic and serial bankruptcy filer, along with her paramour Larry Fuller.[3] This current bankruptcy appears to have been filed for the same purpose as the prior cases; to delay creditors, increase the costs of litigation, and possibly dispose of assets that were not properly listed in order to defraud creditors.

35.    The undersigned has read the motion for relief filed by Eldean [ECF No. 33]. The statements made regarding ARTesian Glacier Water, LLC are shocking and demonstrate a clear intent to defraud creditors and the public.

36.    The lack of transparency detailed herein clearly demonstrates Debtor's true desire to cause unnecessary delays, increase costs, and defraud creditors.

**E.     Relief Requested**

Wherefore, DePerno Law request that it be granted Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) and (4)(B) and that F.R.B. 4001(a)(3) be waiver, because:

A.    Debtor has no equity in the real estate;

B.    Debtor has filed this bankruptcy solely for the purpose to delay collection and defraud creditors. Good cause exists to grant relief as requested herein.

Respectfully submitted

DePERNO LAW OFFICE, PLLC

Dated: February 21, 2020                /s/ Matthew S. DePerno
                                        Matthew S. DePerno (P52622)
                                        951 W. Milham Avenue
                                        PO Box 1595
                                        Portage, MI 49081
                                        (269) 321-5064
                                        matthew@depernolaw.com

---

[3] See cases 17-02409, 17-03114, 18-00295, 18-03595, and 19-01059.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:
CHRISTINE SKANDIS

Debtor

Case No.:        19-05319-jtg

Date Filed:     12/26/2019

Chapter 13

Honorable John T. Gregg

**ORDER GRANTING IN REM RELIEF FROM AUTOMATIC STAY &WAIVING THE PROVISIONS OF F.R.B.P.4001(a)(3) AS TO DePERNO LAW OFFICE, PLLC**

This matter having come before this Court on the Motion of DePerno Law Office, PLLC ("Creditor"), by and through its attorneys, DePERNO LAW OFFICE, PLLC., for In Rem Relief from the Automatic Stay; all parties to said Motion having been served with a copy of Creditor's Motion and proposed Order:

**IT IS HEREBY ORDERED** that Creditor is granted In Rem Relief from the Automatic Stay, pursuant to 362(d)(1) as to the personal property of Debtor listed herein:

Approx. 25 art pieces (including jade)
(3) antique Chinese royal wedding beds
(5) antique Chinese armoires
(1) 9 feet x 9 feet carved jade ship
(2) lacquer Chinese themed cabinets
All other art pieces
All other jade pieces
All other Chinese collectibles and antiques
50 cases, 2005, Barbera
11 cases, 1999, Passito
30 bottles, 1983, Passito
50 cases, 750ml, Nebbiola/Barbera/Fresia/Neretto;
100 cases, 1.5 L, Nebbiola/Barbera/Fresia/Neretto

**IT IS FURTHER \ ORDERED** that Creditor is granted In Rem Relief from the Automatic Stay, pursuant to (d)(4)(B), as to the property known as 312 Hoffman Street, Saugatuck, MI 49453 and legally described as: Part of Lots 111 and 112 of the Kalamazoo Plat of part of the southeast 1/4 of Section 9, Town 3 North, Range 16 West, City of Saugatuck, Allegan County, Michigan described as beginning at the Southwest corner of Lot 112 and proceeding thence North 00 degrees 54' 41" West 117.66 feet along the West line of Lots 111 and 112; thence South 89 degrees 27' 00" East 86.29 feet; thence North 00 degrees 53' 16" West 6.50 feet; thence South 89 degrees 27' 00" East 45.60 feet; thence South 00 degrees 53' 16" East 119.44 feet along the East line of lots 111 and 112; thence South 88 degrees 29' 52" West 131.80 feet along the South line of Lot 112 to the point of beginning,

10

**IT IS FURTHER ORDERED** for the reasons set forth in Creditor's Motion; that F.R.B.P.4001(a)(3) is waived; This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

**END OF ORDER**

Prepared By:
Matthew S. DePerno (P52622)
DePerno Law Office, PLLC
951 W. Milham Avenue
PO Box 1591
Portage, MI 49081

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:
CHRISTINE SKANDIS

Debtor

Case No.:        19-05319-jtg

Date Filed:     12/26/2019

Chapter 13

Honorable John T. Gregg

**PROOF OF SERVICE**

I hereby certify that on the February 20, 2020, I electronically filed the foregoing Motion for Relief from Stay, Notice of Motion, and Proposed Order with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Brett N. Rodgers
99 Monroe Ave NW, Ste 601
Grand Rapids, Mi 49503

Bonnie S. Lent-Davis
Attorney for Debtor Christine Skandis
5659 N. Kraft Lake Drive SE, Suite 3
Caledonia, MI 49316

And, I hereby certify that I have mailed by United States Postal Service the Motion for Relief from Stay, Notice of Motion, and Proposed Order to the following non-ECF participants:

Christine Skandis
312 Hoffman Street
Saugatuck, MI 49453

Office of the U.S. Trustee
The Ledyard Building, 2nd Floor
125 Ottawa NW, Suite 200R
Grand Rapids, MI 49503

Dated: February 21, 2020

*/s/ Matthew S. DePerno*
Matthew S. DePerno (P52622)
951 W. Milham Avenue
PO Box 1595
Portage, MI 49081
(269) 321-5064
matthew@depernolaw.com

12

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:
CHRISTINE SKANDIS

Debtor

Case No.:        19-05319-jtg

Date Filed:      12/26/2019

Chapter 13

Honorable John T. Gregg

## NOTICE OF MOTION

DePerno Law Office, PLLC, has filed papers with the Court to obtain In Rem Relief from the Automatic Stay.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief requested, or if you want the Court to consider your views on the motion, within fourteen (14) days after service, you or your attorney must:

1.    File with the Court a written response or an answer, explaining your position at[4]:

U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
1 Division Ave N., Room 200
Grand Rapids, MI 49503

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above. All attorneys are required to file pleading electronically.

You must also mail a copy to:
DePERNO LAW OFFICE, PLLC
DePerno Law Office, PLLC
951 W. Milham Avenue
PO Box 1591
Portage, MI 49081

Brett N. Rodgers
99 Monroe Ave NW, Ste 601
Grand Rapids, MI 49503

---

[4] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

13

Office of the U.S. Trustee
The Ledyard Building, 2nd Floor
125 Ottawa NW, Suite 200R
Grand Rapids, MI 49503

2.      If a response or an answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing;

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection, and may enter an order granting that relief.**

                        DePERNO LAW OFFICE, PLLC

Dated: February 21, 2020         */s/ Matthew S. DePerno*
                        Matthew S. DePerno (P52622)
                        951 W. Milham Avenue
                        PO Box 1595
                        Portage, MI 49081
                        (269) 321-5064
                        matthew@depernolaw.com