# Exhibit 3

## Guaranty

## GUARANTY

For the purpose of inducing **DePERNO LAW OFFICE, PLLC**, a Michigan limited liability company, which address is 951 W. Milham Avenue, Portage, Michigan 49024, (the "Creditor"), to continue legal service for **CHRISTINE SKANDIS**, whose address is 539 West South Street, Kalamazoo, MI 49007 (the "Debtor"), the undersigned, LARRY FULLER, whose address is 312 Hoffman Street, Saugatuck, MI 49453 (the "Guarantor"), unconditionally guarantees the prompt and faithful payment to Creditor when due of all indebtedness and liabilities of the Debtor to the Creditor under the following described agreements and undertaking of the Debtor (collectively, the "Indebtedness"): a certain Future Advance Mortgage, dated June 29, 2019, in the amount of $12,000, a certain Promissory Note and Future Advance, dated June 29, 2019, in the amount of $12,000, and a certain Security Agreement, dated June 29, 2019.

1. This Guaranty extends to any and all renewals or extensions of or substitutes for any of the foregoing Indebtedness or any part thereof. In the event of an event of default as defined in the Indebtedness or as defined below in this Guaranty, the Guarantor promises to pay any such Indebtedness upon demand to the Creditor at such place as the Creditor designates.

2. The obligations of the Guarantor under this Agreement and those of any other guarantors who may have guaranteed or who hereafter guarantee any Indebtedness of the Debtor are and will be joint and several. The Creditor may release, settle, or compromise with any one or more of the guarantors at any time without affecting the continuing liability of the remaining guarantors. The Guarantor agrees that his obligations hereunder shall be satisfied only by his payment to the Creditor of the Debtor's total Indebtedness.

3. Renewals and extensions of and substitutions for Indebtedness of the Debtor guaranteed hereunder may be made by the Creditor upon such terms and conditions and with such modifications and changes as the Creditor may deem fit and may be made at any time and from time to time without further notice to or consent from the Guarantor.

4. The Guarantor hereby waives notice of acceptance of this Guaranty and also demand, presentment for payment, and any and all notices of protest, or dishonor of any promissory note or other Indebtedness guaranteed hereby. No extension of time or other indulgence granted by the Creditor to the Debtor or the Guarantor shall release or affect the obligations of the Guarantor and no omission or delay on the Creditor's part in exercising any right hereunder or in taking any action to collect or enforce payment of any Indebtedness guaranteed hereby will be a waiver of any such right or release or affect the obligations of the Guarantor hereunder.

5. The obligation of the Guarantor is a primary and unconditional obligation which shall be enforceable before or after proceeding against the Debtor, any other guarantor, or any security held by the Creditor and shall be effective regardless of the solvency or insolvency of the Debtor or any other guarantor or the termination of any other guaranty by any other guarantor. The Guarantor agrees that the Creditor may, without notice to or consent of the Guarantor, release any collateral securing the Indebtedness without diminishing the obligations of the Guarantor. The Creditor shall have no duty to: marshal

Unconditional Guaranty – Page 1 of 3 – Initials: _L F_

security, sue, or otherwise attempt to collect from the Debtor or any other party; initiate proceedings against any collateral securing the Indebtedness or any other property; or take any other action of any kind prior to demanding payment from the Guarantos.

6. All liabilities of the Debtor and of the Guarantor shall, to the extent permitted by law, mature immediately upon the occurrence of any of the following events: the Debtor's dissolution or termination of existence; the failure by the Debtor to pay its debts as they become due; the filing by the Debtor of a voluntary petition in bankruptcy; the entry of an order of relief with respect to the Debtor by a United States Bankruptcy Court; the failure by the Debtor to have an involuntary petition in bankruptcy against the Debtor dismissed within thirty (30) days of its filing; the assignment by the Debtor for the benefit of its creditors; or the entry by the Debtor into an agreement of composition with its creditors.

7. The Creditor's records showing the Debtor's Indebtedness shall be admissible in evidence in any action or proceeding involving this Guaranty and such records shall be prima facie proof of the items therein set forth.

8. In the event any debt, obligation, or liability of the Debtor guaranteed hereunder is assigned by the Creditor, this Guaranty will inure to the benefit of the Creditor's assignees to the extent of such assignment; provided, however, that such assignment shall not operate to relieve the Guarantor from any obligation to the Creditor hereunder with respect to any unassigned debt, obligation, or liability guaranteed hereunder and, further, that the rights of any assignee will be subordinate to the rights of the Creditor under this Guaranty as to any unassigned debt, obligation, or liability.

9. The rights and remedies of the Creditor under this Guaranty and any other rights or remedies are cumulative and may be exercised singularly or concurrently and the exercise of one or more of them shall not be a waiver of any other. No act, delay, or omission or course of dealing between the Creditor and the Debtor or Guarantor, or any of them, shall be a waiver of any of the Creditor's rights or remedies under this Guaranty. No waiver, change, modification, or discharge of this Guaranty or any obligation created hereby will be effective unless in writing signed by an authorized representative of the Creditor.

10. In the event the Creditor institutes legal proceedings to enforce this Guaranty or the terms of any agreement securing this Guaranty, the Creditor shall be entitled to collect, in addition to the indebtedness and interest specified therein, all reasonable costs and expenses of suit, including reasonable attorney fees.

11. This Guaranty shall be governed by and construed and interpreted in accordance with the laws of the State of Michigan. In the event any provision hereof is in conflict with any statute or rule of law in the State of Michigan or is otherwise unenforceable for any reason whatsoever, then such provision shall be deemed severable from, or enforceable to the maximum extent permitted by law, as the case may be, and the same shall not invalidate any other provisions hereof.

Unconditional Guaranty – Page 2 of 3 – Initials: _LF_

IN WITNESS WHEREOF, this Guaranty is executed by the Guarantor on June 29, 2019

**GUARANTOR:**

DATED: JUNE 29, 2019

_____
Larry Fuller

STATE OF MICHIGAN        )
                         ) ss.
COUNTY OF Ottawa         )

On this JUNE 29th, 2019 before me, a Notary Public, in and for said County, appeared LARRY FULLER, who being by me duly sworn, and that he executed the within instrument, and that said instrument was signed and acknowledged to be his free act and deed.

_____, Notary Public
Ottawa County, Michigan
My Commission Expires: 10/29/20

MARTIN A VELIZ JR
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OTTAWA
My Commission Expires Oct. 29, 2019
Acting in the County of Ottawa

Unconditional Guaranty – Page 3 of 3 – Initials: LF