# Exhibit 5

**Mortgage**



STATE OF MICHIGAN  Allegan County
Bob Genetski Register of Deeds
RECORDED
July 10, 2019  11:07:25 AM
Liber 4360 Page 192-202  M
FEE: $30.00

Liber 4360 Page 192 #2019011389



### FUTURE ADVANCE MORTGAGE

THIS IS A FUTURE ADVANCE MORTGAGE made JUNE 29, 2019 between CHRISTINE SKANDIS and LARRY FULLER, whose address is 312 Hoffman St., Saugatuck, MI 49453, hereinafter referred to as the "Mortgagor," and DePERNO LAW OFFICE, PLLC, whose address is 951 W. Milham Avenue, Portage, Michigan 49024, hereinafter referred to as the "Law Firm."

The Mortgagor represents, warrants, covenants, and agrees to and with the Law Firm that at all times this Mortgage is in effect:

1.      Liabilities. This Mortgage secures the following obligations to the Law Firm (hereinafter collectively referred to as the "Liabilities"):

(a)      Payment of loans, advances (including future advances) and/or other credit made or to be made by the Law Firm, including without limitation the amount due in the amount of $12,000.00 according to Promissory Note and advances dated June 27, 2019, together with interest thereon at the rate of five (5%) percent and other sums owing or to become owing in connection therewith, and

(b)      ALL OTHER EXISTING AND FUTURE OBLIGATIONS OF MORTGAGOR TO THE LAW FIRM, WHETHER OR NOT SUCH OBLIGATIONS ARE INCLUDED ABOVE, including, but not limited to, (1) payment and performance of the provisions of this Mortgage; (2) payment of all advances (including future advances) made or to be made by the Law Firm; (3) payment and performance of all notes, undertakings, obligations, debts, liabilities, agreements, applications, agreements, guarantees, or promises of or by the Mortgagor to or with the Law Firm, whether due, existing or arising, now or in the future, absolute or contingent, direct or indirect, however arising or acquired by the Law Firm; (4) payment and performance of all existing and future obligations (including the kinds of obligations described above) to the Law Firm of any persons or entities for which the Mortgagor is or becomes an accommodation party, surety or guarantor or whose obligations this Mortgage is given to secure; and (5) all extensions, renewals and modifications of the foregoing. If more than one person, entity, or company appears as the Mortgagor above, the Liabilities shall include, without limitation, all of the foregoing joint, several, and individual obligations of each such person, entity, or company to the Law Firm. It is the intention of this mortgage to secure all attorney fees to the Law Firm and if the total aggregate fees are less than $53,126.80, the pay-off of the mortgage will be the total attorney fees owed at the conclusion of the services together with interest and other allowed charges. In the event the attorney fees exceed $53,126.80 because of additional services, the mortgage amount will increase to cover whatever attorney fees have been charged, plus interest and other allowed charges.

Mortgage – Page 1 of 11 – Initials: _____ 

RECEIVED
'19 JUL 10 AM 9 : 18

2.    <u>Grant of Mortgage and Lien</u>. In consideration of and to secure the Liabilities, the Mortgagor hereby mortgages and warrants to the Law Firm, its successors and assigns, the land, premises, and property situated in the City of Saugatuck, County of Allegan, State of Michigan (the "Premises"), and more fully described as:

> Part of Lots 111 and 112 of the Kalamazoo Plat of part of the southeast 1/4 of Section 9, Town 3 North, Range 16 West, City of Saugatuck, Allegan County, Michigan described as beginning at the Southwest corner of Lot 112 and proceeding thence North 00 degrees 54' 41" West 117.66 feet along the West line of Lots 111 and 112; thence South 89 degrees 27' 00" East 86.29 feet; thence North 00 degrees 53' 16" West 6.50 feet; thence South 89 degrees 27' 00" East 45.60 feet; thence South 00 degrees 53' 16" East 119.44 feet along the East line of lots 111 and 112; thence South 88 degrees 29' 52" West 131.80 feet along the South line of Lot 112 to the point of beginning.

> Commonly known as 312 Hoffman Street, Saugatuck, MI 49453
> Tax Parcel No. 0357-300-115-00

The Mortgagor also mortgages and warrants to the Law Firm: (a) all privileges, appurtenances, improvements, buildings, tenements, hereditaments, easements, rights of way, licenses, permits, riparian and littoral rights, mineral/oil/gas/water rights, rights to adjoining land, and all other rights belonging to the Premises and which may hereafter attach thereto; (b) all rights to make divisions of the Premises that are exempt from the platting requirements of the Michigan Land Division Act, as it shall be amended; (c) all rents, issues, profits, revenues, proceeds, accounts and general intangibles arising from or relating to the Premises or any business conducted thereon by the Mortgagor including, without limitation, all rights conferred by Act No. 210 of Michigan Public Acts of 1953, as amended (collectively the "Rents and Accounts"); (d) all equipment, other goods, and fixtures of every kind and nature whatsoever, now or hereafter located in or upon the Premises or any part thereof and used or useable in connection with any present or future operation of such premises (hereinafter called "Equipment and Fixtures"), whether now owned or hereafter acquired by the Mortgagor, including, without limitation, all heating, air conditioning, ventilation, lighting, incinerating and power equipment, engines, signs, security systems, fences, hoists, cranes, compressors, pipes, pumps, tanks, motors, plumbing, cleaning, fire prevention, tire extinguishing, apparatus, elevators, escalators, shades, awnings, screens, storm doom and windows, appliances, attached cabinets, partitions, carpeting, ground maintenance equipment, and similar types of equipment, all of which shall be deemed to be real estate and mortgaged hereby; (e) all "as-extracted collateral" related to the Premises; and (f) all awards or payments, and interest on them, made with respect to the Premises as a result of (i) any eminent domain proceeding, (ii) any street grade alteration, (iii) any loss of or damage to any building or other improvement, (iv) any other injury to or decrease in the value of the Premises, (v) any refund due on account of the payment of real estate taxes, assessments or other charges levied against the Premises or (vi) any refund of utility deposits or right to any tenant deposit. This Mortgage shall also constitute: a security agreement with reference to the Equipment and Fixtures, as-extracted collateral and Rents and Accounts and all proceeds thereof; a fixture filing; and a Financing Statement covering as-extracted collateral.

All of the above described Premises, Equipment and Fixtures, Rents and Accounts, and other property and rights related thereto are collectively referred to herein as the "Property".

3.    <u>Payment and Performance of Obligations</u>. The Mortgagor shall pay the Liabilities in accordance with the terms thereof and shall keep and perform all the terms, conditions and covenants of the Liabilities. The Liabilities includes a line of credit for fees. Although the Liabilities may be reduced to a zero balance, this Mortgage will remain in effect until released.

4.    <u>Title to Property/Priority of Lien</u>. The Mortgagor does and shall own good and marketable title to the Property, free of all easements, liens, mortgages, security interests, encroachments, encumbrances, leasehold interests, rights, claims, and other interests of any nature (herein "Interests"), other than Interests which are consented to in writing by the Law Firm. The Mortgagor shall forever warrant and defend the Property against any and all Interests not consented to in writing by the Law Firm and the lien created hereby is and shall be kept as a first lien upon the Property, unless otherwise agreed in writing by the Law Firm. The Mortgagor shall pay when due all obligations which, if unpaid, would become a lien on the Property. Upon request, the Mortgagor shall, at its cost, provide the Law Firm with a title insurance policy and other evidence of title as the Law Firm may request from time to time which shall be in form and substance satisfactory to the Law Firm. With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Mortgagor agrees to make all payments when due and to perform or comply with all covenants. Mortgagor also agrees not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without the Law Firm's prior written approval.

5.    <u>Claim Against Title</u>. Mortgagor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. The Law Firm may require Mortgagor to provide to the Law Firm copies of all notices that such amounts are due and the receipts evidencing Mortgagor's payment. Mortgagor will defend title to the Property against any claims that would impair the lien of this Mortgage. Mortgagor agrees to assign to Lender, as requested by the Law Firm, any rights, claims or defenses Mortgagor may have against parties who supply labor or materials to maintain or improve the Property.

6.    <u>Condition, Maintenance and Use of the Property</u>. The Property is and shall be in good condition sufficient for the use contemplated by the Mortgagor, and free of all material defects. None of the easements, rights, or other Interests consented to by the Law Firm shall materially impair or restrict the use of the Property as contemplated by the Mortgagor. The Mortgagor shall not commit, now or hereafter, waste on the Property and shall maintain all of the Property in good condition and working order satisfactory to the Law Firm, and shall make all repairs and replace all Equipment and Fixtures necessary to maintain the utility and value of the Property and keep it in compliance with all applicable laws, regulations, and ordinances. The Mortgagor shall do everything necessary to keep in force any manufacturer's and seller's warranties with respect to the Equipment and Fixtures. The Mortgagor shall hold all valid permits and licenses necessary to operate and maintain the Property as contemplated by the Mortgagor and the Property shall be used only for lawful purposes and in compliance with all applicable laws, regulations and ordinances. The Mortgagor shall promptly repair, restore, replace or rebuild each part of the Property which may be damaged or destroyed by fire or other casualty or which may be affected by any eminent domain proceedings, notwithstanding application by the Law Firm of the insurance proceeds or eminent domain award to payment of the Liabilities.

7.    <u>Payment of Taxes</u>. The Mortgagor shall pay and discharge all taxes, assessments, fees, licenses, liens, and charges at any time levied upon or assessed against the Mortgagor or the Property. The Mortgagor shall not do anything or permit anything to be done which would impair the lien of this Mortgage. Notwithstanding the foregoing, the Mortgagor shall not be required to pay any tax, assessment, fee, license, lien, or charge so long as it is in good faith contesting the validity thereof. If such contest is made, the Mortgagor shall provide security for the payment of such tax, assessment, fee, license, lien, or charge in a manner satisfactory to the Law Firm.

8.    <u>Insurance</u>. The Mortgagor shall carry insurance against such risks, with such companies, and in such amounts as shall be satisfactory to the Law Firm (including but not limited to, hazard insurance and flood insurance, if the Property is located within a flood hazard area); each policy shall be

in a form satisfactory to the Law Firm with standard mortgagee clauses making all loss payable to the Law Firm as secondary insured. The Mortgagor shall promptly pay all premiums therefor, and deliver to the Law Firm all such policies of insurance. All insurance policies shall provide that notice of non-renewal or cancellation must be given to the Law Firm at least thirty (30) days before such non-renewal or cancellation. Any insurance money received by the Law Firm may, at its sole election, be paid, either in whole or in part, to the Mortgagor for the purpose of defraying the costs and expenses of repair, restoration or replacement of the Property damaged or destroyed, or be retained and applied toward the payment of any of the Liabilities, in whatever order the Law Firm shall elect, with the excess, if any, over the Liabilities to be repaid to the Mortgagor, without impairing the Mortgagor's duties under this Mortgage or the Liabilities. In the event of loss with respect to the Property, the Mortgagor shall promptly notify the Law Firm thereof and the Law Firm may make any proof of loss not promptly made by the Mortgagor, in the event of foreclosure or other disposition of the Property in partial or full payment of the Liabilities, the Law Firm shall be entitled to all of the Mortgagor's right, title and interest in and to all policies of insurance with respect to the Property, including, without limitation, the right to collect any unearned premium refund relating to such policies.

9.     Removal of the Property. Except for maintenance in the ordinary course of business, the Mortgagor shall not, without the prior written consent of the Law Firm materially alter, remove or demolish any timber, topsoil, minerals, fixture, building, or improvement forming part of the Property.

10.     Transfer of the Property. The Law Firm is relying upon the integrity of the Mortgagor and its promises to perform the covenants of this Mortgage. The Mortgagor shall not sell, transfer, convey, assign, rent for a period exceeding one year, dispose of, or further encumber, voluntarily or involuntarily, its interest in any of the Property by deed, land contract, mortgage or otherwise, without the prior written consent of the Law Firm. Subject to the foregoing, if the ownership of the Property, or any part thereof, becomes vested in a person other than the Mortgagor, the Law Firm may deal with such successor or successors in interest in the same manner as with the Mortgagor, without in any mariner vitiating or discharging the Mortgagor's liability hereunder or upon the Liabilities. The Mortgagor shall at all times continue to be primarily liable on the Liabilities until fully discharged or until the Mortgagor is formally released in writing by the Law Firm.

11.     Additional Documents. At any time, upon request of the Law Firm, the Mortgagor shall execute and deliver or cause to be executed and delivered to the Law Firm and, where appropriate, shall cause to be recorded and/or filed at such time and in such offices and places designated by the Law Firm any and all such other and further mortgages, financing statements, instruments of further assurance, certificates and other documents as may, in the opinion of the Law Firm or its counsel, be necessary or desirable to effectuate, complete, perfect, continue or preserve the obligation of the Mortgagor under this Mortgage, and the lien of this Mortgage as a first lien upon all the Property (excepting prior liens consented to in writing by the Law Firm). If the Mortgagor fails to comply with the foregoing sentence, the Law Firm may execute, record, file, re-record and refile any and all such mortgages, financing statements, instruments, certificates and documents for and in the name of the Mortgagor and the Mortgagor hereby irrevocably appoints the Law Firm as its agent and attorney in fact to do so.

12.     Authority to Perform. If Mortgagor fails to perform any duty or any of the covenants contained in this Mortgage, the Law Firm may, without notice, perform or cause them to be performed. Mortgagor appoints the Law Firm as attorney in fact to sign Mortgagor's name or pay any amount necessary for performance. The Law Firm's right to perform for Mortgagor shall not create an obligation to perform, and the Law Firm's failure to perform will not preclude the Law Firm from exercising any of the Law Firm's other rights under the law or this Mortgage.

Mortgage – Page 4 of 11 – Initials: _L P_

13. <u>Leaseholds; Condominiums; Planned Unit Developments</u>. Mortgagor agrees to comply with the provisions of any lease if this Mortgage is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Mortgagor will perform all of Mortgagor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

14. <u>Condemnation</u>. Mortgagor will give the Law Firm prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means. Mortgagor authorizes the Law Firm to intervene in Mortgagor's name in any of the above described actions or claims. Mortgagor assigns to the Law Firm the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Mortgage. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

15. <u>Waste and Receiver</u>. The failure, refusal or neglect of the Mortgagor to pay any of the taxes assessed against the Property before any interest or penalty attaches thereto and to provide adequate security therefor shall constitute waste hereunder and in accordance with the provisions of Act No. 236 of the Public Acts of Michigan for 1961. The failure, refusal or neglect of the Mortgagor to keep the Property adequately insured as herein provided, or to pay the premiums therefor, shall likewise constitute waste hereunder and in accordance with the provisions of Act No. 236. Upon the happening of any act of waste and on proper application made therefor by the Law Firm to a court of competent jurisdiction, the Law Firm shall forthwith be entitled to the appointment of a receiver of the Property and of the earnings, income, issue and profits thereof, with such powers as the court making such appointment shall confer. The Mortgagor hereby irrevocably consents to such appointment and waives notice of any application therefor.

16. <u>Reimbursement of Expenses</u>. The Mortgagor shall pay or reimburse the Law Firm for expenses reasonably necessary or incidental to the protection of the lien and priority of this Mortgage and for expenses incurred by the Law Firm in seeking to enforce the provisions hereof and of the Liabilities (whether before or after default, through formal or informal collection actions, workout or otherwise), including but not limited to costs of evidence of title to and survey of the Properly, costs of recording this and other instruments, actual, reasonable attorney fees (including, but not limited to, fees incurred in participating or taking action in any bankruptcy or other insolvency proceeding of Mortgagor), trustees' fees, court costs, and expenses of advertising, selling and conveying the Property. All such payments or reimbursements shall be paid immediately to the Law Firm, shall be added to the Liabilities, shall be secured by this Mortgage, and shall bear interest at the highest rate specified in the Liabilities from the date incurred by the Law Firm until fully paid.

17. <u>Inspection and Reports</u>. At all reasonable times, the Law Firm and its agents may inspect the Property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed. Upon demand by the Law Firm, the Mortgagor shall promptly deliver to the Law Firm all financial reports, statements, rent rolls and other documents relating to the Property and the Mortgagor, as shall be reasonably requested by the Law Firm. Mortgagor hereby authorizes the Law Firm to undertake or to have third parties undertake on its behalf (not more often than twice in any 12 month period) environmental investigations regarding the Property and its operation including research into the previous and current ownership, use, and condition (by taking samples or borings or otherwise) of the Property for the purpose of attempting to determine whether: (i) Mortgagor or any current or past occupant of the Property has violated any federal, state or local laws involving the protection of the environment and/or the disposition of or exposure to hazardous or toxic substances as now existing or as hereinafter amended or enacted, or any rules regulations, guidelines or standards promulgated pursuant thereto; and (ii) whether any hazardous or toxic substances have been used or disposed of on the Property.

Such investigations may be performed at any time before or after occurrence of an Event of Default and Mortgagor will permit the Law Firm and persons acting on its behalf to have access to the Property and records concerning the Property for the purpose of conducting such investigations. The cost of all such investigations shall be immediately paid by Mortgagor to the Law Firm, and if not paid, shall be added to the Liabilities secured hereby and shall bear interest at the highest rate specified in any of the Liabilities secured hereby from the date incurred by the Law Firm until paid.

18.   <u>Events of Default</u>. Occurrence of any one of the following events shall constitute an "Event of Default" under this Mortgage" (a) breach failure of payment or performance or default by the Mortgagor of or under any of the terms conditions or covenants of this Mortgage any of the Liabilities, or any other instrument or agreement executed by the Mortgagor with or in favor of the Law Firm; (b) breach, failure of payment or performance, or default by any obligor other than the Mortgagor of or under any of the terms, conditions or covenants of any of the Liabilities for which this Mortgage is given as security, or of any other instrument or agreement executed by such obligor with or in favor of the Law Firm; (c) the Mortgagor makes an assignment for the benefit of creditors, or a receiver, liquidator, or trustee is appointed for the Mortgagor or any of its property; (d) any proceeding under any insolvency or bankruptcy law is instituted by or against the Mortgagor or any action is taken to realize upon or any proceeding is instituted to foreclose any mortgage, security interest, or lien of any kind against the Property, (e) any default in the terms, conditions or covenants of any mortgage, lease, land contract, easement or other instrument winch evidences an interest in the Property by any third party, (f) any representation, warranty, financial statement report or other information made or furnished by or on behalf of the Mortgagor to the Law Firm at any time proves to be, or to have been, false or materially misleading when made or furnished and/or (g) any substantial damage or destruction to the Property or the issuance or filing of any attachment levy, garnishment or other judicial protest or proceeding upon or its respect of the Mortgagor or the Property.

19.   <u>The Law Firm's Rights Upon Default</u>. Upon occurrence of an Event of Default all of the Liabilities (regardless of any contrary terms thereof) shall, at the option of the Law Firm, be immediately due and payable without demand or notice, and the Law Firm may take any one or more of the following actions not contrary to law: (a) foreclose this Mortgage by legal proceedings or advertisement and collect its actual attorney fees as awarded by the Court; (b) sell, grant, and convey the Property, or cause the Property to be sold, granted and conveyed at public sale and to execute and deliver to the purchaser at such sale a good and sufficient deed or deeds of conveyance at law, pursuant to the statute in such case made and provided and out of the proceeds of such sate to retain the sums due under this Mortgage and all costs and charges of the sate (including, without limitation, the attorney fees provided by statute), rendering the surplus moneys, if any, to the Mortgagor or as otherwise provided by law, and in the event of a public sale and unless otherwise prohibited by law, the Property may be sold at one or more parcels, the Law Firm may sell the Property for cash and/or secured credit, and the Law Firm may give a warranty deed to the purchaser binding upon the Mortgagor and all claiming under the Mortgagor; (c) as to the Equipment and Fixtures and Rents and Accounts, exercise any of the rights and remedies of a creditor under the Uniform Commercial Code, any ether law, and any Court Rule; (d) enter upon the Property and take other actions as the Law Firm deems appropriate to perform the Mortgagor's obligations under this Mortgage, to inspect, repair, protect or preserve the Property, to investigate or test for the presence of any hazardous materials, and/or to appraise the Property, each of the rights under this subparagraph being specifically enforceable since there is not adequate monetary remedy available to the Law Firm, (e) exercise any and all rights granted to the Law Firm herein or in any of the Liabilities; and/or (f) take any other action allowed by law. Acceleration of the Liabilities as provided in this Mortgage shall trigger any applicable prepayment premium or formula. Without limiting when a prepayment premium may be due, it is agreed that, at any time after acceleration, a tender of payment of the amount necessary to satisfy the entire Liabilities by or on behalf of the Mortgagor or otherwise, must include any applicable prepayment premium or formula

20.     <u>Application of Payments After Default</u>. Notwithstanding anything to the contrary contained in this Mortgage or its any of the Liabilities, upon occurrence of an Event of Default under this Mortgage, any proceeds of any foreclosure, voluntary sale, or other disposition of the Property shall be applied by the Law Firm to reduction of the Liabilities in such order as the Law Firm shall determine in its sole judgment and the Mortgagor shall have no right to require the Law Firm to apply such proceeds to any specific Liabilities.

21.     <u>Subrogation</u>. Any transferee of, or endorser, guarantor or surety or other party providing security who pays the Liabilities secured hereby in full may take over all or any part of the Property and shall succeed to all rights of the Law Firm in respect thereto and the Law Firm shall be under no further responsibility therefor. No party shall succeed to any of the rights of the Law Firm so long as any of the Liabilities remain unpaid to the Law Firm.

22.     <u>Release of Security</u>. The Mortgagor agrees that the Law Firm may, without impairing the obligation of the Mortgagor hereunder: release any other obligors or guarantors from their obligations to pay or perform the Liabilities; release any security of any obligor or guarantor of the Liabilities before or after maturity of any of the Liabilities; take, release or enforce its rights with respect to any of the Property without being obliged first to do so to any other security, whether owned by the Mortgagor or any other person; and agree with any obligor of the Liabilities to extend, modify, forbear or make any accommodations with regard to the terms of the Liabilities owed by such obligor.

**23.     WAIVER OF RIGHTS REGARDING SALE BY ADVERTISEMENT. WARNING: THIS MORTGAGE CONTAINS A POWER OF SALE AND UPON DEFAULT MAY BE FORECLOSED BY ADVERTISEMENT. IN FORECLOSURE BY ADVERTISEMENT AND THE RELATED SALE OF THE PREMISES, NO HEARING IS REQUIRED AND THE ONLY NOTICE REQUIRED IS TO PUBLISH NOTICE IN A LOCAL NEWSPAPER AND TO POST A COPY OF THE NOTICE ON THE PREMISES. MORTGAGOR WAIVES ALL RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES AND THE STATE OF MICHIGAN TO A HEARING PRIOR TO SALE IN CONNECTION WITH FORECLOSURE BY ADVERTISEMENT AND ALL NOTICE REQUIREMENTS EXCEPT AS SET FORTH IN THE MICHIGAN STATUTE PROVIDING FOR FORECLOSURE BY ADVERTISEMENT.**

24.     <u>Environmental Laws</u>. The Mortgagor represents and covenants the following with respect to all Environmental Laws and Hazardous Materials (both as later defined):

(a)     that the Mortgagor has not used Hazardous Materials on or affecting the Premises in any manner which violates Environmental Laws (as later defined), that there is no condition concerning the Premises which could require remediation pursuant to Environmental Laws, and that, to the best of the Mortgagor's knowledge, no prior owner of the Premises or any current or prior occupant has used Hazardous Materials on or affecting the Premises in any manner which violates Environmental Laws. The Mortgagor covenants and agrees that neither is nor any occupant shall use, introduce or maintain Hazardous Materials on the Premises unless done in strict compliance with all Environmental Laws;

(b)     the Mortgagor shall conduct and complete all investigations, environmental audits, studies, sampling and testing, and all remedial, removal and other actions necessary to clean up and remove all Hazardous Materials on or affecting the Premises, whether caused by the Mortgagor or a third party, in accordance with all Environmental Laws to the satisfaction of the Law Firm, and in accordance with the orders and directives of all federal, state and local governmental authorities, and the Mortgagor shall notify the Law Firm in writing prior to taking, and continually after that of the status of, all such actions. The Mortgagor shall, promptly upon

the Law Firm's request, provide the Law Firm with copies of the results of all such actions and all related documents and information. Any remedial, removal or other action by the Mortgagor shall not be deemed a cure or waiver of any breach of this paragraph due to the presence or use of Hazardous Materials on or affecting the Premises. Additionally, the Mortgagor shall defend, indemnify and hold harmless the Law Firm, its employees, agents, shareholders, members, officers and directors, from and against any and all claims, demands, penalties, fines, liabilities, settlements, damages, costs or expenses (including, without limit, attorney fees) of whatever kind arising out of or related to (i) the presence, disposal, release or threatened release of any Hazardous Materials on, from or affecting the Premises or the soil, water, air, vegetation, buildings, personal property, persons or animals on the Premises, (ii) any personal injury (including, without limit, wrongful death) or property damage (real or personal) arising out of or related to these Hazardous Materials. (iii) any lawsuit brought or threatened, settlement reached or government order related to these Hazardous Materials, (iv) the cost of removal of Hazardous Materials from any portion of the Premises, (v) taking necessary precautions to protect against the release of Hazardous Materials on or affecting the Premises, (vi) complying with all Environmental Laws and/or (vii) any violation of Environmental Laws or requirements of the Law Firm, which are in any way related to Hazardous Materials including, without limit, attorneys and consultants' fees (the attorneys and consultants to be selected by The Law Firm), investigation and laboratory lees and environmental studies required by the Law Firm (whether prior to foreclosure, or otherwise). Upon the request of the Law Firm, the Mortgagor and any guarantor shall execute a separate indemnity consistent with this paragraph;

(c)    the Mortgagor has never received any notice ("Environmental Complaint") of any potential violation of Environmental Laws with respect to the Mortgagor or the Premises (and, within five (5) days of receipt of any Environmental Complaint, the Mortgagor shall give the Law Firm a copy of is), and to the best of the Mortgagor's knowledge, there have been no actions commenced or threatened by any party with respect to the Mortgagor or the Premises for noncompliance with any Environmental Laws;

(d)    in the event this Mortgage is foreclosed or the Mortgagor lenders a deed in lieu of foreclosure, the Mortgagor shall deliver the Premises to the Law Firm, purchaser or grantee, as the case may be, free of Hazardous Materials so that the condition of the Premises shall not be a violation of any Environmental Laws.

(e)    upon ten (10) days' notice to the Mortgagor (except in an emergency or where not practical under applicable law, in which case notice is waived), and without limitation of the Law Firm's other rights under this Mortgage or elsewhere, the Law Firm has the right, but not the obligation, to enter on the Premises and to take those actions as it deems appropriate to investigate or test for, clean up, remove, resolve, minimize the impact of or advise governmental agencies of the possible existence of any Hazardous Materials upon the Law Firm's receipt of any notice from any source asserting the existence of any Hazardous Materials or an Environmental Complaint pertaining to the Premises which, if true, could result in an order, suit or other action against the Mortgagor or any part of the Premises which, in the sole opinion of the Law Firm, could jeopardize its security under this Mortgage. Any such actions conducted by the Law Firm shall be solely for the benefit of and to protect the interests of the Law Firm and shall not be relied upon by Mortgagor or any third party for any purpose. By conducting any such actions, the Law Firm does not assume control over the environmental affairs or operations of the Mortgagor nor assume any liability of the Mortgagor or any third party.

(f)    the provisions of this paragraph shall be in addition to all other obligations and liabilities the Mortgagor may have to the Law Firm at common law or pursuant to any ether

agreement, and shall survive (i) the repayment of she indebtedness, (ii) the satisfaction of all other obligations of the Mortgagor under this Mortgage and under the other loan documents, (iii) the discharge of this Mortgage, and (iv) the foreclosure of this Mortgage or acceptance of a deed in lieu of foreclosure. For purposes of this Mortgage, (i) "Hazardous Materials" means each and all of the following: hazardous materials and/or substances as defined in any Environmental Law, asbestos, petroleum, petroleum by-products, natural gas, flammable explosives, radioactive materials, and toxic materials, and (ii) "Environmental Laws" mean any and all federal, state, local or other laws (whether under common law, by legislative action or otherwise), rules, policies, ordinances directives, orders statutes or regulations an object of which is to regulate or improve health, safety, or the environment.

25.    Waiver of Marshaling. In the event of foreclosure of this Mortgage or the enforcement by the Law Firm of any other rights and remedies under this Mortgage, the Mortgagor waives any right otherwise available in respect to marshaling of assets which secure the Liabilities or to require the Law Firm to pursue its remedies against any other assets or any other party which may be liable for any of the Liabilities.

26.    Reinstatement of Mortgage. If any payment to the Law Firm on any of the Liabilities is wholly or partially invalidated, set aside, declared fraudulent, or required to be repaid to the Mortgagor or anyone representing the Mortgagor or the Mortgagor's creditors under any bankruptcy or insolvency act or code, tender any state or federal law, or any common law or equitable principles, then this Mortgage shall remain in full force and effect or be reinstated, as the case may be, until payment in full to the Law Firm of the repaid amounts, and of the Liabilities. If this Mortgage must be reinstated, the Mortgagor agrees to execute and deliver to the Law Firm new mortgages, if necessary, in form and substance acceptable to the Law Firm, covering the Property.

27.    Payments Set Aside. If any payment applied by the Law Firm to the Liabilities is subsequently set aside, recovered, rescinded, or otherwise required to be returned or disgorged by the Law Firm for any reason (pursuant to bankruptcy proceedings, fraudulent conveyance statutes, or otherwise), the Liabilities to which the payment was applied shall for the purposes of this Mortgage be deemed to have continued in existence, notwithstanding the application, and shall be secured by this Mortgage as fully as if the Law Firm had not received and applied the payment.

28.    Joint and Several Obligations. If two or more persons execute this Mortgage as the Mortgagor, the obligations and grants of liens of such persons herein shall be joint, several, and individual, even if the signatory signs this Mortgage on one signature block for all related companies, entities, trust, and the individual. All persons signing this Mortgage on behalf of a corporation, partnership, trust or other entity warrant to the Law Firm that they are duly and properly authorized to execute this Mortgage. Ronald Moffit and Cathleen Moffit agrees and acknowledges that they are signing this mortgage as the duly authorized representative of A&P Enterprises of Michigan, LLC and that they are jointly and severally liable for the Liabilities and covenants and mortgages contained herein. Ronald Moffit and Cathleen Moffit further acknowledge that they are in fact the managers of A&P Enterprises of Michigan, LLC and are duly authorized to sign this agreement on behalf of A&P Enterprises of Michigan, LLC with the authority of the board of directors or similar governing body.

29.    Benefit and Assignment. This Mortgage shall inure to the benefit of the Law Firm, its representatives and assigns, and shall be binding upon the Mortgagor, its representatives, successors, and assigns. The Law Firm may assign (or sell participations) in the Liabilities and any reference to the Law Firm shall include any holder of the Liabilities and any holder shall succeed to the Law Firm's rights under this Mortgage.

30.     Notice. Notice from the Law Firm to the Mortgagor, if mailed, shall be deemed given when mailed to the Mortgagor, postage prepaid, at the Mortgagor's address act forth as the beginning of this Mortgage or at any other address of the Mortgagor in the records of the Law Firm.

31.     Waiver. Nothing in this Mortgage shall waive or restrict any right of the Law Firm granted in any other document or by law. No delay on the part of the Law Firm in the exercise of any right or remedy shall operate as a waiver. No single or partial exercise by the Law Firm of any right or remedy shell preclude any other future exercise of that right or remedy or the exercise of any other right or remedy. No waiver or indulgence by the Law Firm of any default shall be effective unless in writing and signed by the Law Firm, nor shall a waiver on one occasion be construed as a bar to or waiver of that right on any future occasion. Acceptance of partial or late payments owing on any of the Liabilities at any time shall not be deemed a waiver of any default.

32.     Severability. Whenever possible, each provision of this Mortgage shall be interpreted in such manner as to be effective and valid under applicable law. If any provision hereof shall be declared invalid or illegal it shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of the provision or the remaining provisions of this Mortgage.

33.     Cumulative Rights. All rights, remedies and security granted to the Law Firm herein are cumulative and in addition to other rights, remedies or security which may be granted elsewhere or by law. Any inspection, audit, appraisal or examination of the Property by or on behalf of the Law Firm shall be solely for its benefit and shall not create any duty or obligation to the Mortgagor or any other person.

34.     Headings and Terms. Headings, in this Mortgage, are provided solely for the convenience of the parties and shall not be used to interpret or construe its provisions. Nouns and pronouns will be deemed to refer to the masculine, feminine, neuter, singular and plural, as the identity of the person or persons, firm, or corporation may in the context require.

35.     WAIVER OF JURY TRIAL. MORTGAGOR AND THE LAW FIRM EACH HEREBY KNOWINGLY AND VOLUNTARILY, WITHOUT COERCION, WAIVE ALL RIGHTS TO A TRIAL BY JURY OF ALL DISPUTES BETWEEN THEM ARISING OUT OF THIS MORTGAGE, ANY OF THE LIABILITIES, OR ANY ALLEGED ACT OR NEGLECT OF THE LAW FIRM.

36.     Drafting/Waiver of Conflict. This Mortgage has been prepared by participation of both Mortgagor and the Law Firm. Due to any potential conflict of interest in this Mortgage, the Mortgagor acknowledges that (a) Mortgagor has had this Mortgage reviewed by separate legal counsel and agrees with the terms of this Agreement or has chosen not to seek separate legal counsel; (b) Mortgagor agrees to waive any conflict of interest which may result by the preparation of this Mortgage; and (c) none of the provisions of this Mortgage shall be interpreted or construed against either the Law Firm or the Mortgagor solely by virtue of their participation in drafting this Mortgage.

IN WITNESS WHEREOF, the Mortgagor has executed this Mortgage on the day and year first above written.

Dated: JUNE 29, 2019                    _____
                                        Christine Skandis

Mortgage – Page 10 of 11 – Initials: _____

Dated: JUNE 29, 2019

_Larry Fuller_ (signature)
Larry Fuller

STATE OF MICHIGAN      )
                                ) ss.
COUNTY OF _Ottawa_      )

On this JUNE _29th_, 2019 before me, a Notary Public, in and for said County, appeared CHRISTINE SKANDIS and LARRY FULLER, who being by me duly sworn, and that they executed the within instrument, and that said instrument was signed and acknowledged to be their free act and deed.

_____ , Notary Public
_O Ottawa_ County, Michigan
My Commission Expires: _10/29/2019_

MARTIN A VELIZ JR
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OTTAWA
My Commission Expires Oct. 29, 2019
Acting in the County of _Ottawa_

When Recorded Return to:
**Matthew S. DePerno**
DePerno Law Office, PLLC
951 W. Milham Avenue
PO Box 1595
Portage, MI 49081
(269) 321-5064

Mortgage – Page 11 of 11 – Initials: _LF_