UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                     Case No. KZ 19-05319-jtg

CHRISTINE SKANDIS,                                         Chapter 7

                    Debtor.                                Hon. John T. Gregg

_____/

## OPINION REGARDING MOTION TO
## APPREHEND CHRISTINE SKANDIS

APPPEARANCES:  Matthew S. DePerno, Esq. for DePerno Law Office, PLLC; Jeff A. Moyer, Esq. in his capacity as Chapter 7 trustee; Mark H. Zietlow, Esq. for Eldean Company; Bonnie Lent-Davis, Esq. for Davis Legal PLC; and Dean E. Rietberg, Esq. for the United States Trustee

For over five months, Christine Skandis (the "Debtor") has refused to submit to examination and file schedules after conversion of her case from chapter 13 to chapter 7.[1] Understandably frustrated, DePerno Law Office, PLLC ("DePerno"), a creditor of the Debtor, filed a motion requesting that the court direct the United States Marshal to apprehend the Debtor and bring her before the court to explain her non-compliance [Dkt. No. 261] (the "Motion to Apprehend").  Upon review of the Motion to Apprehend, the court entered an order requiring the Debtor to attend the hearing on the Motion to Apprehend.  Consistent with her past practices in this case, the Debtor did not appear at the hearing.

For the following reasons, the court shall grant the Motion to Apprehend.[2]

---

[1]    The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq*.  Specific sections of the Bankruptcy Code are referred to herein as "section __."  Citations to "[Dkt. No. __]" are to entries on the docket in this case.

[2]    The following constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.  Nothing in this Opinion is groundbreaking.  It is being written for the benefit of any reviewing court.

## JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  *See Mountain Am. Credit Union v. Skinner (In re Skinner)*, 917 F.2d 444, 448 (10th Cir. 1990) (enforcement of order from core proceeding is itself core proceeding); *New Prods. Corp. v. Dickinson Wright PLLC (In re Modern Plastics Corp.)*, 577 B.R. 690, 702 (W.D. Mich. 2017) (citations omitted) (civil contempt claim arising out of core proceeding is itself core proceeding), *aff'd sub nom.* 890 F.3d 244 (6th Cir. 2018); *In re Burkman Supply, Inc.*, 217 B.R. 223, 227 (W.D. Mich. 1998) (civil contempt order sanctioning party through apprehension and incarceration constitutes core proceeding).

## BACKGROUND

The facts, while not complicated, are anesthetizing.[3]  On December 26, 2019, the Debtor filed a voluntary petition for relief under chapter 13.  During the first few months of her chapter 13 case, the Debtor was represented at different times by two experienced bankruptcy attorneys. After her attorneys separately withdrew in March and April 2020, respectively, the Debtor repeatedly requested adjournments so that she could identify and retain a new attorney [Dkt. No. 146, 151, 162, 230].[4]  To date, no new attorney has been retained.

While the Debtor's case was still proceeding under chapter 13, the chapter 13 trustee filed a motion to dismiss for an unreasonable delay, among other things.  During a series of hearings in March and April 2020, it became clear that the Debtor had either not disclosed, or could not account for, certain assets and liabilities.  For example, the Debtor failed to disclose that she owned

---

[3]     The facts are derived from the uncontested representations in the Motion to Apprehend, the declaration of Matthew S. DePerno attached thereto (the "DePerno Affidavit"), the uncontested representations of other creditors and parties in interest attending the hearing, and the docket in this case, of which the court takes judicial notice. *See* Fed. R. Evid. 201; *In re Hale*, 511 B.R. 870, 872 (Bankr. W.D. Mich. 2014) (citations omitted).

[4]     The reasons for their withdrawal are unknown beyond general statements that comport with the Michigan Rules of Professional Conduct.

at least two motor vehicles, a 1946 Jaguar Saloon and a Hummer.  Moreover, the Debtor could not recall when and why she may or may not have transferred title to other motor vehicles, all of which were Jaguars.  To that end, the Debtor had a conveniently forgetful memory when she was asked about certain entities, including Skandis Fine Wines, LLC and Dante Design Associates, Inc., both of which are affiliates of the Debtor.  Finally, it became apparent to the court that the Debtor had not disclosed other potentially valuable assets, including furniture, cases of wine and art pieces serving as collateral for the prepetition attorneys' fees and expenses she owed to DePerno.

On May 21, 2020, this court entered an order converting the Debtor's case from chapter 13 to chapter 7 [Dkt. No. 203] (the "Conversion Order") for many of the same reasons identified above as set forth in a detailed bench opinion [Dkt. No. 219].  In the Conversion Order, the court required the Debtor to file (i) an amended matrix, (ii) conversion schedules and requisite statements, (iii) a schedule of property not listed in the final report, (iv) a schedule of post-petition, pre-conversion contracts, (v) a schedule of unpaid debts, and (vi) a statement of intention.  *See* Fed. R. Bankr. P. 1007; Fed. R. Bankr. P. 1019.

Less than one week after the Conversion Order was entered, the United States Trustee (the "UST"), in coordination with Jeff A. Moyer, the chapter 7 trustee (the "Trustee"), scheduled the meeting of creditors under section 341 for June 29, 2020 [Dkt. No. 211].  The Debtor inexplicably failed to appear on that date.  (Contempt Order at ¶ 2.)  After the Trustee rescheduled the meeting of creditors for July 28, 2020, the Debtor appeared on that date but refused to submit to examination without an attorney.  (DePerno Aff. at ¶ 7.)  The Trustee again rescheduled the meeting of creditors, this time for August 26, 2020.

On August 25, 2020, the day before the rescheduled meeting of creditors, the Debtor filed a "notice of withdrawal" of her chapter 7 case [Dkt. No. 230], which the court treated as a motion

to dismiss and promptly denied without prejudice [Dkt. No. 232]. In its order, the court put the Debtor on notice that the court was aware, and concerned, that she had yet to meaningfully participate at the meeting of creditors or file conversion schedules as required by the Conversion Order.

At the rescheduled meeting of creditors on August 26, 2020, the Debtor appeared, but again did not meaningfully participate. (DePerno Aff. at ¶ 10.) The Debtor refused to answer questions for several reasons, including because she had no attorney. (*Id*.) Again without meaningful participation from the Debtor, the Trustee rescheduled the meeting of creditors for September 16, 2020.

On September 3, 2020, the UST filed a motion [Dkt. No. 242] requesting that the court enter an order to show cause requiring the Debtor to participate in the rescheduled meeting of creditors on September 16, 2020. Upon receiving the motion, the court entered an order to show cause [Dkt. No. 244] (the "Show Cause Order"), which was served on the Debtor [Dkt. Nos. 243, 247]. The Debtor did not appear at the rescheduled meeting of creditors on September 16, 2020, however. (Contempt Order at ¶ 2; DePerno Aff. at ¶ 17.)

In response to the Debtor's failure to participate in the meeting of creditors, including on September 16, 2020, DePerno filed the Motion to Apprehend, which was served on the Debtor [Dkt. No. 261]. DePerno utilized the notice and opportunity to object procedures under LBR 9013, meaning that absent a written objection within fourteen days after service, DePerno could file a certificate of no response and upload a proposed order.

After the Debtor failed to appear at the show cause hearing on September 22, 2020, the court entered an order finding the Debtor in contempt [Dkt. No. 272] (the "Contempt Order"). Specifically, the court found that:

- The Debtor violated her duty under 11 U.S.C. §§ 341 and 343 to attend the meetings of creditors on June 29, 2020, August 12, 2020, and September 16, 2020.  (Contempt Order at ¶ 2.)

- The Debtor violated the Show Cause Order by failing to attend the meeting of creditors on September 16, 2020.  (Contempt Order at ¶ 3.)

- The Debtor violated the Show Cause Order by failing to appear at the show cause hearing on September 22, 2020.  (Contempt Order at ¶ 4.)

Shortly after the show cause hearing and while the Motion to Apprehend was pending, the Debtor was busy.  She was not, however, busy complying with the Conversion Order or arranging to participate in the meeting of creditors.  Instead, she focused her energy and efforts on a series of motions, all of which were attempts to escape from her obligations as a chapter 7 debtor.

On September 28, 2020, the Debtor renewed her motion to "withdraw" her case [Dkt. No. 278], which the court denied in an order entered that same day [Dkt. No. 279].  In its order, the court observed the following:

> Rather than file conversion schedules or participate in the meeting of creditors, the Debtor filed a motion to dismiss her case [Dkt. No. 230].  The motion was denied by the court in an order dated August 25, 2020 [Dkt. No. 232].  In that order, the court noted that creditors and other parties in interest are entitled to evaluate a request for dismissal of a chapter 7 case.  The court further explained as follows:
>
>> The Motion's deficiencies are compounded by the Debtor's failure to file conversion schedules.  Parties in interest can hardly be expected to evaluate the Debtor's affairs absent schedules and testimony from the Debtor at the meeting of creditors, among other things.
>
> Over four months after the entry of the Conversion Order, the Debtor still has not filed conversion schedules or meaningfully participated in the meeting of creditors, a finding recently made in an order dated September 23, 2020 [Dkt. No. 272].

(Order Den. Mot. to Dismiss at p. 1.)

Also on September 28, 2020, the Debtor filed a motion to alter or amend the Contempt Order [Dkt. No. 277],[5] as well as a notice of appeal with respect to the Contempt Order [Dkt. No. 280].[6] The court denied the motion to alter or amend the Contempt Order in an order entered on September 30, 2020 [Dkt. No. 284].[7]

On October 9, 2020, the Debtor filed a motion to stay this case [Dkt. No. 294] pending the decision of the Michigan Court of Appeals in an appeal involving Eldean Company ("Eldean").[8] The court entered an order [Dkt. No. 298] scheduling an in person hearing on the motion to stay for October 28, 2020.[9]

Four days after the Debtor filed her motion to stay, DePerno filed a certificate of no response [Dkt. No. 297] regarding the Motion to Apprehend. Instead of entering an order granting the relief requested in the Motion to Apprehend, the court decided to enter a scheduling order [Dkt. No. 299] (the "Scheduling Order") to provide the Debtor with one last opportunity to appear and meaningfully participate in the meeting of creditors. The Scheduling Order expressly stated in bold that the Debtor was required to appear in person for the hearing on the Motion to Apprehend, which the court scheduled for October 28, 2020 at 11:00 a.m. (Eastern). It further stated as follows:

> The Debtor was previously found in contempt for failure to appear at and meaningfully participate in the meeting of creditors under 11 U.S.C. § 341 [Dkt. No. 272]. The Debtor also still has yet to, among other things, file

---

[5] The Debtor first filed the motion to stay on September 25, 2020 [Dkt. No. 274]. After the Clerk defected it [Dkt. No. 275], she filed it again on September 28, 2020.

[6] As of the entry of this Order, the Debtor has yet to designate items for the record on appeal or pay the filing fee associated with her appeal [Dkt. No. 335].

[7] The court also denied, by separate order [Dkt. No. 283], the Debtor's request to compel the chapter 13 trustee to return payments the Debtor had made pursuant to her proposed plan while she was in chapter 13.

[8] In April 2020, the court granted Eldean and the Debtor relief from the automatic stay in order to proceed with the appeal [Dkt. No. 131].

[9] The motion to stay this case pending a decision by the Michigan Court of Appeals was denied pursuant to an order [Dkt. No. 328] entered after the Debtor failed to appear for the hearing on October 28, 2020. Incidentally, the Michigan Court of Appeals found in favor of Eldean and against the Debtor [Dkt. No. 315].

conversion schedules as required by this court's order dated May 21, 2020 converting the Debtor's case from chapter 13 to chapter 7 [Dkt. No. 203]. This court has the authority to impose civil contempt sanctions, including incarceration, where a party fails to comply with orders of the court. *See, e.g.*, *In re Burkman Supply, Inc.*, 217 B.R. 223 (W.D. Mich. 1998) (Bell, J.).

The court views the relief requested in the [Motion to Apprehend] as an extreme coercive measure and one that should be used sparingly. The court has therefore decided to schedule the [Motion to Apprehend] for an in person hearing at the court's location in Grand Rapids, Michigan to give the Debtor one last opportunity to comply with this court's orders and the requirements imposed on her by the Bankruptcy Code and applicable rules. . . .

**In the event that the Debtor does not appear at the hearing and file conversion schedules in advance of such hearing, she will be found in further contempt and subject to apprehension by the United States Marshal Service.** In other words, she will be incarcerated until she purges her contempt.

(Sched. Order at p.1 (emphasis in original).)

Upon entry of the Scheduling Order, the Trustee rescheduled the meeting of creditors for the same day as, and one hour later from, the hearing on the Motion to Apprehend [Dkt. No. 306]. The meeting of creditors was to take place at the court.

On October 26, 2020 and with the hearing on the Motion to Apprehend only two days away, the Debtor filed another motion to stay this case and adjourn all hearings [Dkt. No. 316], including, presumably, the hearing on the Motion to Apprehend. The Debtor asserted that she was unable to participate in this case because she suffered a head injury. The court entered an order [Dkt. No. 319] denying the Debtor's motion on the same day it was filed.

On October 28, 2020, the same day as the hearing on the Motion to Apprehend and the rescheduled meeting of creditors, the Debtor filed a motion for reconsideration [Dkt. No. 322] of the court's order denying the Debtor's request for a stay or adjournment of hearings. Denying the motion for reconsideration, the court explained that the Debtor is in "control of her own destiny,"

meaning that all she needs to do is to participate in the meeting of creditors and file her conversion schedules so as not to be subject to apprehension [Dkt. No. 323].

In accordance with the Scheduling Order, the court held a hearing regarding the Motion to Apprehend on October 28, 2020 at 11:00 a.m. (Eastern).  After considering the arguments of the parties (but not the Debtor, who failed to appear), the court decided to grant the Motion to Apprehend.[10]

## **DISCUSSION**

Upon conversion of any case from chapter 13 to chapter 7, a debtor is required to take certain actions.  *See* 11 U.S.C. § 348.  Two actions, in particular, are of significance in this case.  First, a debtor must submit to an examination at the meeting of creditors.  11 U.S.C. § 343 (debtor shall appear and submit to "examination"); *see* 11 U.S.C. § 341(d) (trustee shall "examine"); Fed. R. Bankr. P. 2003(a) (meeting of creditors required after order for relief).[11]  Second, a debtor must file conversion schedules and other requisite documents if so ordered by the court.  Fed. R. Bankr. P. 1007(c); Fed. R. Bankr. P. 1019(1)(a).

Where, like here, a debtor is uncooperative and unwilling to comply with his or her duties as a debtor in bankruptcy, a bankruptcy court has certain means by which to coerce compliance.  The debtor may, of course, be held in civil contempt and sanctioned under section 105(a) and the court's inherent authority.  This court recently addressed the standard for civil contempt by explaining as follows:

> "Bankruptcy courts have civil contempt powers" which "flow from section 105(a) and the inherent power of a court to enforce compliance with its lawful orders."  *In re City of Detroit, Michigan*, 614 B.R. 255, 264 (Bankr.

---

[10]    At the conclusion of the hearing, the court requested that the Trustee inform the court if the Debtor appeared at 12:00 p.m. (Eastern) for the rescheduled meeting of creditors.  She did not.

[11]    Upon conversion of a case to chapter 7, a new order for relief is entered by operation of law.  11 U.S.C. § 348(a) (conversion of a case constitutes an order for relief).

E.D. Mich. 2020) (internal citations and quotations omitted).  To hold a party in civil contempt, a court must generally find that (i) the party violated a "definite" and "specific" order requiring the party to perform or refrain from performing a particular act, or (ii) the party acted with knowledge of the order.  *See, e.g.*, *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006) (citation omitted).

In 2019, the United States Supreme Court examined the contempt standard to be applied when a violation of the discharge injunction is alleged. *Taggart v. Lorenzen*, __U.S.__, 139 S. Ct. 1795 (2019).  The Bankruptcy Appellate Panel for the Sixth Circuit has concisely explained the standard in *Taggart* as follows:

> [A] creditor may only be held in civil contempt for violation of the discharge order "if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct. . . [C]ivil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditors' conduct might be lawful. . . ."  In other words, there is no fair ground of doubt when the creditor violates a discharge injunction "based on an objectively unreasonable understanding of the discharge order or the statutes that govern its scope."

*Orlandi v. Leavitt Family Ltd. P'ship (In re Orlandi)*, 612 B.R. 372, 382 (B.A.P. 6th Cir. 2020) (citing *Taggart*, 139 S. Ct. at 1799) (emphasis in original).

Whether *Taggart* applies in contexts other than contempt for violation of the discharge injunction and whether a change in existing Sixth Circuit law occurred as a result of *Taggart* are subject to some debate.  *See In re Kimball Hill, Inc*., __B.R.__, 2020 WL 5834884, at *7 (Bankr. N.D. Ill. Sept. 30, 2020) (collecting cases regarding applicability of *Taggart* to matters other than contempt for violation of discharge injunction).  Regardless, the court is convinced that the Debtor is in contempt of court under both *Taggart* and pre-*Taggart* precedent in the Sixth Circuit.  *See Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991) (citation omitted) (party moving for civil contempt bears burden of proof by clear and convincing evidence).

*In re Fuller*, 2020 WL 5948505, at *3 (Bankr. W.D. Mich. Oct. 7, 2020); *cf. Shapiro v. Woodberry (In re Woodberry)*, 619 B.R. 393, 396 (Bankr. E.D. Mich. 2020) (citing *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)) (applying pre-*Taggart* contempt standard due to party's failure to comply with court order).

A.      *The Debtor Is in Civil Contempt of Court*

In this case, there can be no fair ground of doubt on the part of the Debtor or objectively reasonable basis for her conduct.  To date and notwithstanding numerous orders, the Debtor still has not meaningfully participated in the meeting of creditors, which the Trustee has attempted to hold on at least five separate occasions.  And, as a review of the docket reveals, the Debtor still has not filed her conversion schedules despite the express mandate to do so in the Conversion Order and warnings in various other orders of this court.

At no point has the Debtor disputed her actions, or lack thereof.  Instead, she has attacked the Trustee for attempting to fulfill his statutorily imposed duties and the creditors, including DePerno, for attempting to enforce their rights [Dkt. Nos. 252, 277].  Further, she has filed numerous motions seeking to forestall this case, notwithstanding her failures to provide basic information to the Trustee, the creditors, and other parties in interest, including the UST.  In her motions, the Debtor has insisted that a basis exists to "withdraw," dismiss and/or stay her chapter 7 case.  The court has entered orders denying all of those requests.  To that end, the court has stated that unless and until the Debtor complies with her obligations as a chapter 7 debtor, the court will not consider any further requests for dismissal or similar relief [Dkt. No. 279].  And yet the Debtor persists.

The Debtor has received many second chances, to the point that she is working on fifth and sixth chances, if not more.  The court has already found the Debtor in contempt because she repeatedly failed to attend the meeting of creditors and appear, as ordered, for the show cause hearing on September 22, 2020.

Thus, no fair ground of doubt on the part of the Debtor or objectionably reasonable basis exists for her failure to comply with the directives of this court as well as the requirements imposed

upon her by the Bankruptcy Code and the applicable rules.  The Debtor is again, and still, in civil contempt of court for failing to (i) appear for the hearing on the Motion to Apprehend, (ii) appear at the show cause hearing, (iii) appear for and participate in the meeting of creditors, and (iv) file conversion schedules.

B.        *The Debtor Should be Apprehended as a Coercive Sanction for Her Civil Contempt*

This court is generally reluctant to impose sanctions, particularly those that involve some form of apprehension, detention and/or incarceration.  Here, however, the Debtor's consistently egregious conduct necessitates a coercive measure commensurate with her recalcitrance.

More than twenty years ago, the United States District Court for the Western District of Michigan was confronted with facts similar to those in this case.  *In re Burkman Supply, Inc*., 217 B.R. at 226-27 (citations omitted).   In *Burkman Supply*, after a corporate debtor's case was converted to chapter 7, the debtor's representative refused to prepare and file conversion schedules, notwithstanding orders from the bankruptcy court requiring him to do so.  *Id*. (citations omitted). In a concise, exacting opinion, the district court noted that incarceration is a form of civil contempt. *Id*. at 226 (quoting *United States v. Bayshore Assocs., Inc*., 934 F.2d 1391, 1399 (6th Cir. 1991)). The district court explained that "where there is a history of non-compliance with court orders, a bankruptcy court has the power to incarcerate as a sanction for civil contempt."  *Id*. (citations omitted).[12]   Based on the failure of the debtor's designated representative to file conversion schedules as required by the bankruptcy court's order, the district court deemed apprehension and incarceration as the appropriate sanction.  *Id*. at 228.

---

[12]        The bankruptcy court had submitted a report and recommendation to the district court.  *Id*. at 225.  Because civil contempt is a core proceeding, the district court intimated that in the future, the bankruptcy court need not issue a report and recommendation.  *See id*. at 227.   Instead, the bankruptcy court may directly order apprehension and even incarceration.  *Id*.  This court shall therefore follow the guidance provided by the district court in *Burkman Supply*.

This court finds *Burkman Supply* highly persuasive and well-reasoned, even two decades later.  Like in *Burkman Supply*, the Debtor has been on notice of her need to attend the meeting of creditors and file conversion schedules for many, many months.  To reiterate, she has not done so notwithstanding the warnings from this court and the finding of contempt more than a month ago.  While apprehension is a coercive measure of last resort, it is clearly, and unfortunately, warranted in this case.

Rule 2005 of the Federal Rules of Bankruptcy Procedure implements the sanction of apprehension where a debtor refuses to submit to examination.  It provides that upon a motion filed by a party in interest supported by an affidavit, a bankruptcy court may direct the United States Marshal or some other officer authorized by law to apprehend a debtor who has willfully disobeyed a duly served order to appear for an examination.  Fed. R. Bankr. P. 2005(a).[13]

In this case, DePerno easily satisfies its burden under Fed. R. Bankr. P. 2005.  First, DePerno is a party in interest, as it is a creditor of the Debtor.  *See* 11 U.S.C. § 101(10).  Second, the DePerno Affidavit sets forth the factual basis for the relief.  At the hearing on the Motion to Apprehend, the court treated the affidavit as testimony, which was admitted into evidence when no parties objected or requested an opportunity to cross-examine Mr. DePerno.

Third, DePerno served the Motion to Apprehend on the Debtor, who clearly received a copy of it as evidenced by her numerous requests to stay this case, to adjourn hearings, and to reconsider denial of the same.  This court later entered and served the Show Cause Order requiring the Debtor to appear for examination at the rescheduled meeting of creditors on September 16, 2020.  Yet she did not attend.  At the hearing on the Show Cause Order, the Debtor again failed to

---

[13]   The court need not consider as part of this decision other forms of relief.  *See, e.g.*, 28 U.S.C. § 1826 (court may order confinement of recalcitrant witness who fails to comply with order to testify); *In re Fuller*, 2020 WL 5948505, at *4 n.5.

appear to provide an explanation for her continued failure to participate in the meeting of creditors, thereby leading to the entry of the Contempt Order.   To cap it all off, the court issued the Scheduling Order, which the Debtor ignored.[14]   In light of the Debtor's willful disobedience, the court finds the sanction of apprehension to be warranted.

## CONCLUSION

The Debtor has willfully disregarded the Bankruptcy Code, applicable rules, and orders of this court.  She is in contempt of court, again, and shall therefore be subject to apprehension by the United States Marshal, with an opportunity for release after she purges her contempt, or at least assures this court of her future attendance and obedience.  If, upon release, the Debtor continues her contemptuous conduct, the court may consider further coercive measures.  The court hopes it will not come to that.

For the foregoing reasons, the Motion to Apprehend is granted.  The court shall enter a separate order consistent with this Opinion.

---

[14]    According to yet another motion for reconsideration [Dkt. No. 331] filed prior to issuance of this Opinion but after the court gave an oral ruling at the conclusion of the hearing on the Motion to Apprehend, the Debtor appeared at the bankruptcy court.  The Debtor dubiously contends that she was unaware that the hearing was scheduled for 11:00 a.m. (Eastern) on October 28, 2020.  The court has scheduled a hearing on November 4, 2020 regarding this potentially procedurally improper motion to reconsider the order denying the previous motion to reconsider.  Perhaps the Debtor will appear voluntarily at that time to purge her contempt.

**Signed: November 2, 2020**





John T. Gregg
United States Bankruptcy Judge