UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                                                    Case No. KZ 19-05319-jtg

CHRISTINE SKANDIS,                                                         Chapter 7

           Debtor.                                                              Hon. John T. Gregg
_____/

## ORDER DENYING SECOND
## <u>MOTION FOR RECONSIDERATION</u>

      This matter comes before the court on a "Supplemental Supplemental to Emergency Reconsideration for Orders Denying Motion to Adjourn Hearings and Stay Proceedings" [Dkt. No. 331] (the "Second Motion for Reconsideration") filed by Christine Skandis, the debtor in the above-captioned case (the "Debtor"). DePerno Law Office, PLLC, Eldean Company, and the United States Trustee filed objections to the Second Motion for Reconsideration [Dkt. Nos. 348, 351, 352].

      At a hearing held on November 4, 2020, the Debtor appeared *pro se*, Jeff A. Moyer, Esq. appeared on behalf of himself as the chapter 7 trustee, Matthew S. DePerno, Esq. appeared on behalf of DePerno Law Office, PLLC, and Dean E. Rietberg, Esq. appeared on behalf of the United States Trustee.

      The procedural history is challenging due to the Debtor's multiple and repetitive filings. On October 13, 2020, the court entered an order [Dkt. No. 299] (the "Scheduling Order") requiring the Debtor to appear in person for a hearing on a motion to apprehend [Dkt. No. 261] (the "Motion to Apprehend"). The hearing was scheduled for October 28, 2020 at 11:00 a.m. (Eastern).

      On October 26, 2020, the Debtor filed a motion to stay this case and adjourn all hearings [Dkt. No. 316] (the "Motion to Adjourn"), including the hearing on the Motion to Apprehend. The court denied that motion pursuant to an order [Dkt. No. 319] (the "Order Denying Adjournment") dated October 26, 2020. Two days later, in the morning on the day of the hearing on the Motion to Apprehend, the Debtor filed a motion to reconsider the Order Denying Adjournment. Relying on Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59(e)), the court denied the First Motion for Reconsideration in an order [Dkt. No. 323] (the "Order Denying Reconsideration") entered in the morning on October 28, 2020.

      The Debtor did not appear for the hearing on the Motion to Apprehend at 11:00 a.m. (Eastern) on October 28, 2020. After considering the arguments of the parties who did appear, the court granted the Motion to Apprehend, which has since been reduced to writing in an opinion and accompanying order [Dkt. Nos. 349, 350]. Later that day and well past the conclusion of the hearing, the Debtor filed the Second Motion for Reconsideration, electing to press forward with

her request for a stay of this case and adjournment of all hearings despite allegedly not having her faculties due to a head injury.

The Debtor cites to no authority in the Second Motion for Reconsideration. However, much like the First Motion for Reconsideration, the court will treat it as a request for relief under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59(e)). *See In re Fuller*, 581 B.R. 236, 241 (Bankr. W.D. Mich. 2018). Since the filing of the First Motion for Reconsideration, nothing has changed. *See Perry v. Key Auto Recovery (In re Perry)*, 2013 WL 3369310, at *6 (B.A.P. 9th Cir. July 2, 2013) (party "cannot continue to repeat the same arguments in slightly different motions and expect different consideration or results."). The Debtor has no new evidence, meaning evidence that was not available to her when she filed the Motion to Adjourn. Instead, at the hearing she returned to the same arguments she made in the Motion to Adjourn and the First Motion for Reconsideration. And, as the court concluded in the Order Denying Reconsideration, no manifest injustice will occur to the Debtor. Any argument to the contrary is belied by the Debtor's countless attempts to stay this case and/or adjourn hearings.

In the event that the Debtor continues to renew requests for relief previously denied, the court will consider summarily denying them, as a highly respected jurist of this court once warned when confronted with similar circumstances. *In re GwanJun Kim*, 453 B.R. 723, 728 n.2 (Bankr. W.D. Mich. 2011).

In sum, the court shall deny the Second Motion for Reconsideration for the reasons stated on the record and as supplemented herein.

IT IS HEREBY ORDERED that the Second Motion for Reconsideration is denied.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 on Jeff A. Moyer, Esq., Dean E. Rietberg, Esq., Matthew DePerno, Esq., Mark H. Zietlow, Esq., and on the Debtor via first class mail, postage prepaid at the following address:

| Ms. Christine Skandis | Matthew W. Cheney, Esq. |
|---|---|
| 312 Hoffman Street | Office of the United States Trustee |
| Saugatuck, MI 49453 | 125 Ottawa Avenue, NW, Suite 200R |
| | Grand Rapids, MI 49503 |

[END OF ORDER]

Signed: November 4, 2020




John T. Gregg
United States Bankruptcy Judge