UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                                                          Case No. KZ 19-05319-jtg

CHRISTINE SKANDIS,                                                         Chapter 7

        Debtor.                                                                       Hon. John T. Gregg
_____/

## ORDER DENYING REQUESTS FOR RELIEF REGARDING
## DEPERNO LAW OFFICE, PLLC AND MATTHEW S. DEPERNO

      On November 20, 2020, Christine Skandis, the debtor in the above-captioned case (the "Debtor"), filed a "notice" of litigation [Dkt. No. 373] (the "Request") pending against DePerno Law Office, PLLC and Matthew S. DePerno (collectively, "DePerno"). In the Request, the Debtor appears to seek many forms of relief against DePerno, including an objection to the proof of claim filed by DePerno in this case (the "Objection"), a request to bar DePerno from any further participation in this case, and a request to strike previously filed pleadings by DePerno. The court finds that a hearing on the Request is unnecessary given the time and expense that would unduly prejudice DePerno, as well as other parties in interest.[1] Instead, the court shall deny the Objection without prejudice and the remainder of the Request with prejudice.

      At this juncture, it would be premature to consider the Objection, because it is unclear if the Debtor has standing in this chapter 7 case. To date, the Debtor has not completed her conversion schedules, as she admits in a recent filing regarding her alleged concussion [Dkt. No. 372-2]. It is quite possible that this is not a surplus case, meaning that it would be the estate, not the Debtor, who would be aggrieved (if the allegations regarding DePerno are in fact true). *See, e.g.*, *In re Miller*, 485 B.R. 478 (table) (6th Cir. B.A.P. Dec. 27, 2012) (citing *Spenlinhauer v. O'Donell*, 261 F.3d 113, 118 (1st Cir. 2001)). If, upon completion of her schedules and other requisite documents, the Debtor believes this is a surplus case, she may renew her Objection.[2]

      Relatedly, the Debtor alleges that DePerno took improper actions against her *prepetition*. Absent abandonment or exemption of any claims related to those allegedly improper actions, the estate, not the Debtor, holds any claims against DePerno. *See* 11 U.S.C. §§ 541(a), 554. The chapter 7 trustee, not the Debtor, is therefore the party with standing to pursue any claims against DePerno to the extent they even exist.

      Finally, DePerno has not abused filing privileges in this case to date. Rather, DePerno has filed pleadings setting forth facts that are supported by documents and affidavits. The pleadings also contain citations to applicable authority. The court is therefore not persuaded that any basis

---

[1]     The Request is also arguably procedurally improper. *See* LBR 9013(g).

[2]     The Debtor will need to demonstrate her standing as a threshold issue in connection with any renewed Objection.

exists to restrict DePerno's ability to file pleadings in this case or strike any prior pleadings filed. Indeed, it would be extraordinary for this court to deprive DePerno of the right to participate, and one that is unsupported by any authority identified by the Debtor. In the event that the Debtor disputes the facts presented or relief requested by DePerno in the future, she may, of course, file a responsive pleading and participate in the hearing.

In sum, the court cannot grant the Debtor any of the relief she has requested. The court once again encourages the Debtor to devote her energy to her conversion schedules and other requisite documents to ensure that they are complete and accurate.

IT IS HEREBY ORDERED that the Objection is denied without prejudice.

IT IS FURTHER ORDERED that the remainder of the Request is denied with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 on Jeff A. Moyer, Esq., Dean E. Rietberg, Esq., Matthew DePerno, Esq., and via first class mail, postage prepaid on the following:

| | |
|---|---|
| Ms. Christine Skandis | Matthew W. Cheney, Esq. |
| 312 Hoffman Street | Office of the United States Trustee |
| Saugatuck, MI 49453 | 125 Ottawa Avenue, NW, Suite 200R |
| | Grand Rapids, MI  49503 |

[END OF ORDER]

**Signed: November 23, 2020**




John T. Gregg
United States Bankruptcy Judge