UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

CHRISTINE SKANDIS

Debtor

Case No.: 19-05319-jtg

Date Filed: 12/26/2019

Chapter 7

Honorable John T. Gregg

_____/

## EX PARTE MOTION TO CONDUCT 2004 EXAM OF DEBTOR AND TO ISSUE SUBPOENA

NOW COMES DePerno Law Office, PLLC ("DePerno Law"), by Matthew S. DePerno and hereby moves this Honorable Court pursuant to Fed. R. Bankr. P. 2004 and Local Rule 2004-1 for an Order authoring Trustee, US Trustee, and creditors to examine Debtor Christine Skandis, and authorizing Trustee, US Trustee, and creditors to compel attendance at the examination and production of documents via subpoena under Fed. R. Bankr. 2004(c). Debtor will receive not less than fourteen (14) days written notice of the examination.

As an initial matter, DePerno Law notes that this case is rife with problems, mostly attributable to Debtor's pro se status. However, pro se litigants must follow the same rules of procedure as other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Debtor's conduct, as fully detailed in other motions and responses shows an overwhelming failure to conduct herself properly in accordance with the bankruptcy code, obligations to disclose assets, and cooperate. Instead, Debtor has lied, hidden assets, and continued to refuse to answer questions or participate in 341 hearings in a meaningful way. Therefore, an examination under Rule 2004 is appropriate. The undersigned desires to question Debtor in a formal setting under oath regarding her assets, prior statements, income, and other matters related to the administration of this bankruptcy estate.

As a general rule, examinations under Rule 2004 are allowed for the purpose of discovering assets, examining transactions, and determining whether wrongdoing has occurred. *In re Duratech Indus., Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999). Necessarily, the scope of Rule 2004 is extremely broad, and the rule itself is "'peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Procedure' offers." *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000) (quoting *In re GHR Energy Corp.*, 33 B.R. 451, 454 (Bankr. D. Mass. 1983)).

WHEREFORE, for the reasons stated herein, the undersigned requests this Honorable Court issue an Order authoring Trustee, US Trustee, and creditors to examine Debtor Christine Skandis, and authorizing Trustee, US Trustee, and creditors to compel attendance at the examination and production of documents under Fed. R. Bankr. 2004(c).

                        Respectfully submitted

                        DePERNO LAW OFFICE, PLLC

Dated: January 2, 2021              */s/ Matthew S. DePerno*
                                        Matthew S. DePerno (P52622)
                                        951 W. Milham Avenue
                                        PO Box 1595
                                        Portage, MI 49081
                                        (269) 321-5064
                                        matthew@depernolaw.com

**PROOF OF SERVICE**

I hereby certify that on the January 2, 2021, I electronically filed the foregoing *Ex Parte Motion to Conduct 2004 Examination of Debtor* with the Clerk of the Court using the ECF system which will send notification of such filing to Jeff A. Moyer (Chapter 7 Trustee) and Dean Rietberg (U.S. Trustee).

And, I hereby certify that I served the foregoing on Debtor Christine Skandis at Skandis@umich.edu and christinecourt1@gmail.com and via first class mail to Debtor at 312 Hoffman Street, Saugatuck, MI 49453.

Dated: January 2, 2021              */s/ Matthew S. DePerno*
                                    Matthew S. DePerno (P52622)
                                    951 W. Milham Avenue
                                    PO Box 1595
                                    Portage, MI 49081
                                    (269) 321-5064
                                    matthew@depernolaw.com