*[NOT FOR PUBLICATION]*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                          Case No. GK 19-05319-jtg

CHRISTINE SKANDIS,                              Chapter 7

                    Debtor.                     Hon. John T. Gregg

_____/

**OPINION REGARDING MOTION FOR
<u>RELIEF UNDER FED. R. BANKR. P. 9024</u>**

Christine Skandis, the *pro se* debtor in the above-captioned case (the "Debtor"), filed a request for relief entitled "*Objection, Motion for Reconsideration, and Request to <u>Vacate</u> Following Orders[:] Order Denying Motion Extension of Time to File Brief in Support of Motion to Dismiss . . . Order Denying Motion to Withdraw . . . Order Denying Stay of Proceedings, Injunction, Temporary Restraining Order . . . Order to Vacate and Turnover of Debtor's Home . . . Order Denying Motion to File Response Pleadings Electronically . . . Motion to Return of All Assets, Remove All Fees Charged by, or Associated with Trustee Jeff Moyer and Lori Purkey, Remove Trustee Jeff Moyer and Lori Purkey from Case – Pursuant Their Violation of 11 U.S.C. § 323, 11 U.S.C. § 327(a), 11 U.S.C. 101(14)(C), Rule: 3.3 Candor Toward the Tribunal*" [Dkt. No. 702] (the "Third Motion for Reconsideration").

In the Motion, the Debtor requests, among other things, that the court reconsider its order denying the Debtor relief under Fed. R. Bankr. P. 9024 [Dkt. No. 697] (the "Order") with respect to an order converting her case to chapter 7 more than two years ago [Dkt. No. 203] (the "Conversion Order").[1]  In other words, the Debtor asks this court to engage in a never-ending loop

---

[1]     The Third Motion for Reconsideration also seeks relief under Fed. R. Bankr. P. 9024 from an order for turnover [Dkt. No. 699] and an order denying a request for a temporary restraining order and other relief [Dkt. No.

of reconsidering its order denying reconsideration of its prior order.  For the following reasons, the court shall deny the Third Motion for Reconsideration.

## JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. § 1334(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2) (non-exhaustive list of core matters).  Notwithstanding the filing of a notice of appeal [Dkt. No. 704], this court retains the jurisdiction to consider requests for relief under Fed. R. Bankr. P. 9024.  Fed. R. Bankr. P. 8002(b)(2); *see Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 460 (6th Cir. 1999).

## BACKGROUND

This court has previously stated that "the facts, while not complicated, are anesthetizing." *In re Skandis*, 621 B.R. 218, 220 (Bankr. W.D. Mich. 2020).[2]  More than two years have passed since the court made that statement.  Nothing has changed.

On December 26, 2019, the Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code.[3]  Approximately four months later, the chapter 13 trustee filed a motion for summary judgment [Dkt. No. 143] related to a previously filed motion to dismiss, as amended [Dkt. Nos. 25, 52].  *See* Fed. R. Bankr. P. 9014(c).  In the motion for summary judgment, the

---

700].  Because the Debtor is merely relitigating issues that were already considered and decided in those two orders as opposed to explaining the reasons why relief should be granted under Fed. R. Bankr. P. 9024, the court shall summarily deny the Debtor any relief therefrom.  *See JP Morgan Chase Manhattan Bank v. Winget*, 704 F. App'x 410, 417 (6th Cir. 2017) (citation omitted).  The court shall also deny without prejudice the Debtor's request to remove the Trustee and revoke the retention of his counsel, among other things (the "Removal Request").  The Removal Request is procedurally improper and conflates the Debtor's request for relief under Fed. R. Bankr. P. 9024 with relief not previously sought from this court.  *See* LBR 9013(g).  The Debtor may file the Removal Request as a standalone, separate motion.

[2]     To date, the court's docket consists of over 700 entries in what should be a relatively basic bankruptcy case.

[3]     The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq*.  Specific sections of the Bankruptcy Code are identified herein as "section __."  References to "[Dkt. No. __]" are to entries on the docket in this case.  References to "[Adv. Dkt. No. __]" are to entries on the docket in the cited adversary proceeding.

chapter 13 trustee requested that the court convert the Debtor's case to chapter 7 or, in the alternative, dismiss the case with a bar to refiling. One day before the hearing, the Debtor filed a response to the motion for summary judgment [Dkt. No. 166] in which she requested that the motion be denied so that she could confirm her proposed chapter 13 plan.

At the conclusion of a hearing held on May 7, 2020, the court took the motion for summary judgment under advisement. As this court observed in the Order:

> Less than one week *after the hearing on the motion for summary judgment*, the Debtor filed a preconfirmation chapter 13 plan amendment [Dkt. No. 180] and amended schedules [Dkt. No. 183]. Perhaps more importantly, she also filed an amended bankruptcy petition [Dkt. No. 182]. *On page 2 of the amended petition, the Debtor stated under the penalty of perjury that "[t]he chapter of the Bankruptcy Code [she is] choosing to file under" is "Chapter 13."* On May 18, 2020, eleven days after the hearing on the motion for summary judgment, the Debtor filed yet another preconfirmation chapter 13 plan amendment [Dkt. No. 192].

(Order at p. 2 (emphasis added).)

On May 21, 2020, the court entered the Conversion Order for the reasons set forth in a lengthy bench opinion [Dkt. No. 219]. Jeff A. Moyer, a professional exhibiting the utmost patience and integrity, was appointed as the chapter 7 trustee (the "Trustee").

Shortly thereafter, the Debtor filed a motion for reconsideration [Dkt. No. 212] (the "First Motion for Reconsideration") based on an alleged fraud perpetrated by one of her creditors. The court denied the First Motion for Reconsideration pursuant to an order [Dkt. No. 214] entered on May 29, 2020. The Debtor subsequently filed at least eight motions requesting dismissal, withdrawal, suspension, abstention or some other form of related relief with respect to her chapter 7 case [*see, e.g.*, Dkt. Nos. 230, 274, 277, 278, 294, 331, 439, 495]. All of those motions were denied by this court [*see, e.g.*, Dkt. Nos. 232, 279, 283, 284, 328, 358, 458, 525].[4]

---

[4]    Upon the request of the United States Trustee, the court denied the Debtor a discharge [Dkt. No. 608]. *United States Trustee v. Skandis*, Adv. Proc. No. 21-80020 (Bankr. W.D. Mich. Oct. 19, 2021).

When the Debtor failed to attend and/or meaningfully participate in the meeting of creditors under section 341 or otherwise cooperate with the Trustee as required under section 521, the court found her in civil contempt and sanctioned her [*see, e.g.*, Dkt. Nos. 272, 376, 377, 378]. Unfortunately, the court's measured attempts to coerce the Debtor's compliance proved unavailing.  With no alternative, the court took the extraordinary step of entering an order [Dkt. No. 350] directing the United States Marshals Service to apprehend the Debtor.  *In re Skandis*, 621 B.R. at 225-227.[5]

Since his appointment, the Trustee has attempted to fulfill his duties, including by liquidating various property of the Debtor's estate for the benefit of creditors.  *See* 11 U.S.C. § 704(a)(1).[6]  The court recently entered a default judgment [Adv. Dkt. No. 11] against the Debtor and her alleged co-owner of certain residential real property located in Saugatuck, Michigan when they both failed to answer or otherwise respond to the Trustee's complaint seeking relief under section 363(h).  *Moyer v. Skandis, et al.*, Adv. Proc. No. 22-80017 (Bankr. W.D. Mich.).[7]  The Trustee thereafter filed a motion to enforce the default judgment [Adv. Dkt. No. 13].  Noting,

---

[5]    The court did not instruct the United States Marshals Service to detain the Debtor.  Rather, the court accepted the Debtor's reasonable assurances of obedience.  *See In re Burkman Supply, Inc.*, 217 B.R. 223, 226 (W.D. Mich. 1998).  After two months, the Debtor finally complied with the orders of this court, resulting in the dissolution of the order to apprehend [Dkt. No. 427].  Unfortunately, the Debtor was subject to a second order to apprehend [Dkt. No. 612] approximately one year later.  The second order to apprehend was likewise dissolved [Dkt. No. 630], but only after the Debtor's compliance was again coerced.

[6]    Despite the Debtor's protestations regarding an allegedly unfair process, the court has declined on several occasions to grant the two trustees and certain creditors the relief they requested, even when the Debtor did not object or otherwise participate in the proceedings [*see, e.g.*, Dkt. Nos. 128, 271, 441, 474, 609].

[7]    The co-owner, Mr. Larry Fuller, is no stranger to this court (and others in the Sixth Circuit for that matter). *In re Fuller*, 2020 WL 5848505, at *1 n.3 (Bankr. W.D. Mich. Oct. 7, 2020) (citing *Fuller v. JPMorgan Chase Bank, N.A.*, 2019 WL 5586906 (W.D. Mich. Oct. 30, 2019), *appeal dismissed*, 2020 WL 4673339 (6th Cir. July 13, 2020); *Fuller v. Shell Point Morg. Servicing*, 2017 WL 4326100 (W.D. Mich. Sept. 6, 2017), *report and recommendation adopted*, 2017 WL 4285437 (W.D. Mich. Sept. 26, 2017)).  At one point, the Debtor commenced an adversary proceeding related to one of Mr. Fuller's bankruptcy cases against Mr. Fuller and certain of her creditors, which was dismissed.  *Skandis v. Fuller, et al.*, Case No. 19-80038 (Bankr. W.D. Mich.).  The Debtor has also filed at least one appeal related to this court's order denying a motion to dismiss her chapter 7 case [Dkt. No. 280].  *In re Skandis*, Case No. 20-8031 (B.A.P. 6th Cir. Nov. 24, 2020). The Debtor seemingly abandoned her appeal [Dkt. No. 305].

among other things, that the Trustee had yet to formally request turnover under section 542, the court denied the motion [Adv. Dkt. No. 16].  Wasting no time, the Trustee filed a motion for turnover [Dkt. No. 682], which the court granted [Dkt. No. 699].  The court's turnover order required the Debtor to relinquish possession, custody and control of her residence and implemented procedures in the event that the Debtor failed to comply.

Confronted with the likelihood that she would soon lose her luxury residence, the Debtor re-emerged after a period of dormancy.  On June 6, 2022, the Debtor filed a motion entitled "Motion to Withdraw Pursuant to [sic] U.S.C. § 1307(b) and Debtor's Request to Dismiss Prior to Conversion" [Dkt. No. 679] (the "Second Motion for Reconsideration").   In the Second Motion for Reconsideration, the Debtor again sought to revisit the Conversion Order, this time because she had allegedly orally moved to dismiss her case during the hearing on the chapter 13 trustee's motion for summary judgment on May 7, 2020.

Less than certain as to how to interpret the Second Motion for Reconsideration, the court entered a scheduling order [Dkt. No. 681] (the "Scheduling Order") requiring the Debtor to (i) state the legal authority upon which she relied in support of the Second Motion for Reconsideration, and (ii) identify the facts in support of her request, all of which should have been included in the Second Motion for Reconsideration when it was filed.  *See* Fed. R. Bankr. P. 9013; *see also Brown v. Wal-Mart Stores, Inc.*, 507 Fed. App'x 543, 547 (6th Cir. 2012) ("Although *pro se* pleadings are to be liberally construed, we are not required to conjure up allegations not pleaded or guess at the nature of an argument." (citation omitted)). The Scheduling Order instructed the Debtor to file a supplemental brief within fourteen (14) days from the date of service.

Rather than filing a supplemental brief in accordance with the Scheduling Order, the Debtor filed a "Request for Stay of Proceedings, Injunction, Temporary Restraining Order Pending

Motion to Withdraw Pursuant to Debtor's Request to Dismiss Prior to Conversion and Debtor's Absolute Right to Dismiss Under § 1307(B)[;] Extension of Time to File Brief in Support of Motion to Dismiss Pending Receipt of Transcripts[;] File Response Pleadings Electronically" [Dkt. No. 687] (the "Extension Motion").  As nominally indicated, the Extension Motion sought various forms of relief, including a request for an injunction.  The Extension Motion also clarified that the Debtor allegedly made the oral motion to dismiss while her case was pending in chapter 13 on May 7, 2020 during the hearing on the chapter 13 trustee's motion for summary judgment. However, the Extension Motion neither identified the legal authority upon which the Debtor relied in the Second Motion for Reconsideration, nor did it include a copy of the transcript of the hearing on the motion for summary judgment.

On June 28, 2022, this court entered the Order[8], which denied the Second Motion for Reconsideration because it was untimely under Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60(b)(1)).  In the Order, the court further explained that the Debtor failed to provide the requisite particularity in the Second Motion for Reconsideration pursuant to Fed. R. Bankr. P. 9013, despite having more than two years to do so.[9]  The court also emphasized that the Debtor's actions after the hearing on the motion for summary judgement but prior to entry of the Conversion Order were wholly-inconsistent with the Debtor's alleged oral request for voluntary dismissal of her chapter 13 case.   Specifically, the Debtor never filed a motion requesting dismissal while further reaffirming her intention to remain in chapter 13 by filing two preconfirmation plan amendments and an amended chapter 13 petition.

---

[8]     The Order was entitled "Order Denying Motion to Dismiss," which is somewhat of a misnomer given that the court denied relief under Fed. R. Bankr. P. 9024.

[9]     Separately, the court entered an order [Dkt. No. 700] denying the Extension Motion at the conclusion of a hearing on June 29, 2022.

Approximately one week after entry of the Order, the Debtor filed the Third Motion for Reconsideration.  The Third Motion for Reconsideration specifically cites to Fed. R. Civ. P. 60 and requests that the court dispense with the need for oral argument, which it will do.

## **DISCUSSION**

Rule 9024 of the Federal Rules of Bankruptcy Procedure incorporates Fed. R. Civ. P. 60, which provides, in pertinent part, that:

> (b)    On motion and just terms, the court may relieve a party or its legal representative  from a final judgment, order, or proceeding for the following reasons:
>
> > (1)    mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4)    the judgment is void;
> >
> > (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence."  *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

On page 6 of the Third Motion for Reconsideration, the Debtor alleges that the court made a "mistake / error" when it stated in footnote 5 of the Order that transcripts are available within seven days of a request for the same.  The Debtor suggests that because she could not obtain the transcript of the hearing on May 7, 2020 as promptly as this court stated she could in the Order,

the court made a mistake and/or an error.   However, whether or not a transcript can be ordered for delivery within seven days is of no relevance whatsoever to this court's ultimate conclusion – that the Second Motion for Reconsideration was untimely because it sought relief from the Conversion Order under Fed. R. Civ. P. 60(b)(1) but was not filed within the one-year period prescribed by Fed. R. Civ. P. 60(c)(1).  The Third Motion for Reconsideration does not even attempt to explain how this court made a mistake or erred when it applied Fed. R. Civ. P. 60(b)(1) and (c)(1).  For this reason alone, the Debtor has not clearly and convincingly demonstrated that she is entitled to relief from the Order.

The Debtor similarly fails to address in the Third Motion for Reconsideration her actions after the hearing on the chapter 13 trustee's motion for summary judgment, all of which serve as evidence of her desire to remain in chapter 13, not to dismiss her case.  *See* Fed. R. Evid. 201.  As previously noted, the Debtor never filed a request for dismissal on the docket at any point prior to entry of the Conversion Order.  Instead, the Debtor actually filed two preconfirmation plan amendments after the hearing and, as this court emphasized in its Order, an amended chapter 13 petition. The Debtor's own conduct prior to the entry of the Conversion Order undercuts her argument in the Second Motion for Reconsideration.  The court can therefore perceive of no error or mistake in the Order when it relied on its own docket as evidence.

The Debtor further proclaims in the Third Motion for Reconsideration that the Order subjects her to a "manifest injustice" because she was deprived of an opportunity to review a transcript from a hearing that occurred more than two years ago.[10]  Setting aside that relief under

---

[10]    A "manifest injustice" is not technically a basis for relief under Fed. R. Civ. P. 60(b).  Rather, it falls under Fed. R. Civ. P. 59(e), which the Debtor has not relied upon in the Third Motion for Reconsideration.  Nonetheless, even if the Debtor had sought relief under Fed. R. Civ. P. 59(e), the court would deny it.  As this court has previously noted in connection with one of Mr. Fuller's cases, a "manifest injustice" requires a "want of equity" or "some form of unfairness." *In re Fuller*, 581 B.R. 236, 243 (Bankr. W.D. Mich. 2018) (citations omitted).  The Debtor has not demonstrated any form of inequity that would befall her under the circumstances.

Fed. R. Civ. P. 60(b)(6) is unavailable where another subpart of the rule applies[11], the Debtor had every opportunity not only to obtain the transcript, but also to allege that she orally requested dismissal on May 7, 2020 as part of her First Motion for Reconsideration.  In effect, the Debtor is now arguing that this court should suspend the Trustee's administration of the bankruptcy estate to allow the Debtor to address matters that she should have explored long ago.  The court declines to do so, as it is the Trustee, the bankruptcy estate and its creditors who would suffer injustice if this court were to grant the Debtor relief from the Order.

Finally, the transcript [Dkt. No. 698] of the hearing regarding the motion for summary judgment has been available on this court's docket since June 29, 2022.  The transcript reveals that during the hearing, the Debtor stated, "I'm therefore requesting this Honorable Court to deny the trustee's motion for summary judgment and allow me to confirm my plan and pay my creditors." (Hr'g Tr. May 7, 2020 at 42:15-17.)  This court purposely asked the Debtor on at least three separate occasions during the hearing on May 7, 2020 whether she wished to voluntarily dismiss her chapter 13 case.  (Hr'g Tr. May 7, 2020 at 43:12-44:12.)  At no point did the Debtor unequivocally request dismissal.  Instead, she demurred, insisting it was her intention to pay her creditors in full by confirming her chapter 13 plan.  (*Id.*; Hr'g Tr. May 7, 2020 at 51:8-15.) Accordingly, the transcript that the Debtor so heavily relies upon (without having reviewed it prior to filing the Second Motion for Reconsideration) actually confirms that the Debtor never sought dismissal of her case on May 7, 2020.

---

[11]    As the United States Supreme Court recently stated, relief under Fed. R. Civ. P. 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (June 13, 2022).

## **CONCLUSION**

For the foregoing reasons, the Debtor has not clearly and convincingly demonstrated that the court committed a mistake or error, or that any other reasons exist that would justify any of the relief she seeks in the Third Motion for Reconsideration.  The court shall enter a separate order consistent with the terms of this Opinion.

**Signed: July 12, 2022**





John T. Gregg
United States Bankruptcy Judge