*[NOT FOR PUBLICATION]*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                     Case No. GK 19-05319-jtg

CHRISTINE SKANDIS,                                         Chapter 7

               Debtor.                              Hon. John T. Gregg

_____/

### *SUA SPONTE* OPINION AND ORDER VOIDING NOTICE OF *LIS PENDENS* PURSUANT TO 11 U.S.C. § 362

This matter comes before the court on its own volition pursuant to section 105(a) of the Bankruptcy Code.[1] Post-petition, Christine Skandis, the debtor in the above-captioned case (the "Debtor"), recorded a notice of *lis pendens* with the register of deeds for the County of Allegan, Michigan (the "Register of Deeds") with respect to certain real property constituting property of her bankruptcy estate. Because this court has exclusive jurisdiction over property of the estate under 28 U.S.C. § 1334(e) and the Debtor never obtained relief from the automatic stay under section 362 or other authorization from this court, the notice of *lis pendens* is invalid, void, and of no effect under the law.

### JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (e). This is a core proceeding under 28 U.S.C. § 157(b)(A), (O). *See In re Spiech Farms, LLC*, 603 B.R. 395, 398 (Bankr. W.D. Mich. 2019) (motion to enforce automatic stay is core proceeding) (citations omitted).

---

[1] The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq*. Specific sections of the Bankruptcy Code are identified herein as "section __." References to "[Dkt. No. ___]" are to entries on the docket in this case. The court kindly requests that any typos be excused given the turnaround time of less than 24 hours.

**BACKGROUND**

On December 26 2019, the Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code.  Nearly six months later, this court entered an order [Dkt. No.  203] converting the Debtor's case to chapter 7 for the reasons set forth in a detailed bench opinion [Dkt. No. 219]. Jeff A. Moyer was thereafter appointed [Dkt. No. 210] as the chapter 7 trustee (the "Trustee").[2]

As of the petition date, the Debtor was the co-owner of certain real property located at 312 Hoffman Street, Saugatuck, Michigan (the "Real Property").  On April 29, 2022, this court entered a judgment against the Debtor and Mr. Larry Fuller, the co-owner of the Real Property.  *Moyer v. Skandis, et al.*, Adv. Proc. No. 22-80017 (Bankr. W.D. Mich.).[3]  The judgment authorized the Trustee to sell the Real Property pursuant to section 363(h).

---

[2]     After conversion of this case to chapter 7, the Debtor was the subject of two orders of apprehension involving the United States Marshal Service, repeatedly found in civil contempt of court, and sanctioned numerous times for her obstreperous, dilatory, and egregious conduct. *In re Skandis*, 2022 WL 2706119 (Bankr. W.D. Mich. July 12, 2022) (setting forth details of conduct with specific citations to docket).   The Debtor has filed countless requests to dismiss, suspend or "withdraw" her case, to no avail.  *See id*.  After filing three separate notices of appeal with respect to certain of this court's decisions, the Debtor sought a stay pending appeal under Fed. R. Bankr. P. 8007, which was denied by this court [Dkt. No. 723].  The Debtor thereafter requested similar relief from the Bankruptcy Appellate Panel for the Sixth Circuit, which likewise denied the requests.  *In re Skandis*, Case No. 22-8018 (B.A.P. 6th Cir. July 13, 2022); *In re Skandis*, Case No. 22-8019 (B.A.P. 6th Cir. July 13, 2022); *In re Skandis*, Case No. 22-8020 (B.A.P. 6th Cir. July 13, 2022); *In re Skandis*, Case No. 22-8021 (B.A.P. 6th Cir. July 13, 2022).  The Debtor recently filed yet another notice of appeal.  *In re Skandis*, Case No. 19-05319 (Bankr. W.D. Mich. July 27, 2022).

[3]     Mr. Fuller is well-known to this court.  Over the course of three years, he filed four separate chapter 13 bankruptcy cases in this court, all of which were dismissed.  *In re Fuller*, Case No. 17-02409 (Bankr. W.D. Mich.); *In re Fuller*, Case No. 17-03114 (Bankr. W.D. Mich.); *In re Fuller*, Case No. 18-00295 (Bankr. W.D. Mich.); *In re Fuller*, Case No. 19-01059 (Bankr. W.D. Mich.).  When this court imposed a bar to refiling upon dismissal of the fourth case, Mr. Fuller filed yet another case, this time in the United States Bankruptcy Court for the Eastern District of Michigan.  *In re Fuller*, Case No. 19-01059 (Bankr. E.D. Mich.).  That case, too, was dismissed.  The Bankruptcy Court for the Eastern District of Michigan retained jurisdiction upon dismissal and transferred venue to this court so that it could consider sanctions in light of the violation of its bar order.  *In re Fuller*, Case No. 20-02929 (Bankr. W.D. Mich.).  Thereafter, this court imposed further sanctions against Mr. Fuller.  *In re Fuller*, 2020 WL 5948505 (Bankr. W.D. Mich. Oct. 7, 2020).

Between them, the Debtor and Mr. Fuller have involved this court, the Bankruptcy Court for the Eastern District of Michigan, the United States District Court for the Western District of Michigan, the Bankruptcy Appellate Panel for the Sixth Circuit, and no doubt countless state courts in their abusive escapades.  *See In re Skandis*, 2022 WL 2706119, at *3 n.7.  And yet, their collective efforts are allowed to persist, seemingly unabated.  *See In re Fuller*, 2020 WL 5948505, at *2 n.9, *4 n.12.

On August 24, 2022, the Trustee filed a motion to sell the Real Property [Dkt. No. 754] (the "Sale Motion") for a purchase price in excess of $800,000 free and clear of liens, claims and other encumbrances pursuant to section 363(b) and (f).  The Sale Motion, as well as an order shortening notice and scheduling the Sale Motion for hearing [Dkt. No. 756], were served on the Debtor [Dkt. No. 760].

Unbeknownst to the Trustee, the proposed purchaser of the Real Property, and the court, the Debtor presented a notice of *lis pendens* (the "Notice") to the Register of Deeds for recording on September 8, 2022, a mere four days before the hearing on the Sale Motion.  The Notice, which expressly refers to the legal description of the Real Property, provides as follows:

> Notice is hereby given that suits have been commenced and are pending on complaint filed in the Appellate Panel of the Sixth Circuit Court by Christine Skandis against, Appellees John T. Gregg (P68464), Jeff A. Moyer (P44671), Lori L. Purkey (P39111), jointly and severally liable. . . .

The Notice was notarized and signed by the Debtor, and further stated that it was drafted by the Debtor and should be returned to the Debtor when recorded.[4]  The Register of Deeds recorded the Notice one day later, as it generally must.  The Notice was assigned Document No. 202201767 and recorded at Liber 4796, Page 789.

On September 12, 2022, the day of the hearing on the Sale Motion, the Debtor filed two objections [Dkt. Nos. 776, 777].  Neither of the objections referred to the Notice.  During the hearing, the Debtor made various arguments in opposition to the Sale Motion.  At no time did the Debtor ever mention the Notice that she had recorded only days before.  For various reasons, the court decided to adjourn the Sale Hearing.

---

[4]  The reference in the Notice to "John T. Gregg (P68464)" is to the undersigned judge and the member number assigned to him by the State Bar of Michigan many years ago.  It therefore appears as if the Debtor is conducting some research well beyond what could ever be considered reasonably necessary for purposes of this case.

The adjourned hearing regarding the Sale Motion was scheduled to occur on September 21, 2022 at 11:00 p.m. (Eastern).  Minutes before the hearing, the Debtor filed a motion [Dkt. No. 785] with the court seeking various forms of relief, including the return of the Real Property.  According to the Debtor, she had a "benefactor" from New Orleans, Louisiana who was prepared to provide the Debtor with the funds necessary to satisfy any and all claims in this case, thereby allegedly negating any need for the disposition of any property of the estate, including the Real Property.[5]

The court held the adjourned hearing on September 21, 2022 as scheduled. Once again, the Debtor made no mention whatsoever of the Notice. At the conclusion of the hearing, the court overruled the Debtor's objections for the reasons set forth in a lengthy bench opinion.  The order granting the Sale Motion [Dkt. No. 788] (the "Sale Order") authorized the Trustee to sell the Real Property to the proposed purchasers free and clear of *any and all* liens, claims and encumbrances (not solely those specifically referenced therein) under section 363(b) and (f).  The court further made specific findings of fact as to the good faith of the proposed purchasers, thus entitling them to the protections afforded under section 363(m).  Finally, the court waived the stay under Fed. R. Bankr. P. 6004(h).

On September 28, 2022, the Trustee filed an emergency *ex parte* motion [Dkt. No. 793] (the "Motion to Modify") in which he requested that the court modify the Sale Order to account for the previously undisclosed Notice, a copy of which was attached as an exhibit.  According to the Trustee, the title company would not issue an insurance policy for the transaction unless and

---

[5]     When the court inquired as to whether the Debtor had a commitment in writing from the "benefactor" that she wished to present to the court, the Debtor stated she did not.  When the court inquired as to whether the Debtor had contact information for the "benefactor," the Debtor stated that she did not.  When the court requested a spelling for the name of the "benefactor, the Debtor paused, thought for a moment, and disclosed the "benefactor" to be one "Rita Montese," a name that the Debtor could barely pronounce or spell.

until the Notice was removed from the chain of title. In other words, the Notice had the affect intended by the Debtor – to prevent the sale from being consummated.

Hours after the Trustee filed the Motion to Modify, the court held a telephonic hearing on an emergency basis. *See* LBR 9013(h). For the reasons stated on the record and in order to best ensure that the sale close without delay, the court granted the Motion to Modify. *See* Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59(e)); *see also* Fed. R. Bankr. P. 7054 (incorporating Fed. R. Civ. P. 54(a)).[6] The amended Sale Order entered by the court [Dkt. No. 795] now provides that the Trustee is authorized to sell the Real Property free and clear of any and all liens, claims and encumbrances, including, expressly, the previously undisclosed Notice.[7]

Although the Sale Order, as amended, clarifies that the Trustee is authorized to sell the Real Property free and clear of any interest alleged by the Debtor in the Notice, it does not address the propriety of the Notice itself given that the Real Property was, and to date remains, property of the estate. The court has therefore decided to issue this *sua sponte* decision to tie up any loose ends.

## DISCUSSION

"Under the Bankruptcy Code, the filing of a bankruptcy petition has certain immediate consequences," including two that are particularly relevant to this case. *City of Chicago, Illinois v. Fulton*, 141 S.Ct. 585, 589 (2021). First, an estate is created. 11 U.S.C. § 541. Subject to certain exceptions not applicable here, section 541(a)(1) provides that the bankruptcy estate is

---

[6]      While the Motion to Modify may be somewhat procedurally abnormal, it is by no means improper under the extraordinary facts and circumstances in this case. The Trustee approached the challenge before him with great practicality, always keeping in mind the need to close the sale timely so as to avoid any harm to the estate.

[7]      Under the circumstances, the court rejects any suggestion that the Trustee should have obtained an updated title search only days before the initial hearing. The Debtor was aware of the Sale Motion and failed to even mention the Notice in her written objections, during the initial hearing, or at any time thereafter. *See* Fed. R. Bankr. P. 9011; Mich. R. Prof. Cond. 3.3.

comprised of all legal or equitable interests of the debtor in property as of the commencement of the case.

In her Schedule A/B [Dkt. No. 18] and all amendments thereto, each of which were filed under the penalty of perjury, the Debtor identified the Real Property as property she owned on the petition date.  It is therefore uncontroverted that the Debtor had an interest in the Real Property, which became property of her bankruptcy estate.  When the Debtor's case was converted to chapter 7, the Trustee was charged with administering the Real Property as well as other property of the estate.  11 U.S.C. §§ 348(f)(1), 704(a)(1).

The second "immediate consequence" involves the imposition of an automatic stay.  *See* 11 U.S.C. § 362(a).  Among other things, the automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).   With limited exception, it protects "the estate from dismemberment." *Fulton*, 141 S.Ct. at 589.  Any "actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances." *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909 (6th Cir. 1993).

In this case, the Debtor was well aware that the automatic stay was in place with respect to the Real Property. By brazenly filing the Notice, the Debtor placed a cloud on the title to the Real Property.  *See* Mich. Comp. Laws § 600.2701.  She did so even though this court, as well as the Bankruptcy Appellate Panel for the Sixth Circuit, previously denied her requests for a stay pending appeal.  During the hearing regarding the Motion to Modify, the Trustee represented that he attempted to contact the Debtor on several occasions regarding the Notice before filing the Motion

to Modify.  Consistent with her past conduct and ultimate objective, the Debtor took no action to remove the Notice from the title to the Real Property.[8]

The court therefore easily concludes that the Debtor committed an unauthorized act exercising control over property of the estate.  *See Brooks-Hamilton v. City of Oakland (In re Brooks-Hamilton)*, 348 B.R. 512, 525 (Bankr. N.D. Cal. 2006) (notice of *lis pendens* filed post-petition by chapter 7 debtor void as violation of automatic stay) (Tchaikovsky, J.); *cf. Silberstein v. Silberstein*, 252 Mich. 192; 233 N.W. 222 (1930) (notice of *lis pendens* may be cancelled if benefits outweigh damage it causes); *Altman v. Lansing*, 115 Mich. App. 495; 321 N.W.2d 707 (1982) (same).  Because none of the exceptions set forth by the Sixth Circuit Court of Appeals in *Easley* apply, the Notice and all legal effects thereof are invalid and void.

## **CONCLUSION**

For the foregoing reasons, the Debtor violated the automatic stay under section 362(a) when she recorded the Notice.  The Notice is now void.  Upon the filing of a request by any party in interest, the court shall consider whether to hold the Debtor in civil contempt and award sanctions related thereto as a result of her violation of the automatic stay.[9]

IT IS HEREBY ORDERED THAT:

1.     The Notice and all legal consequences thereof are void and of no force or effect.

2.     The Trustee may record this Order with the Register of Deeds.

3.     Notwithstanding anything set forth herein, the Sale Order, as amended, remains in full force and effect.

---

[8]     The Trustee reported during the hearing on the Motion to Modify that he believes the Debtor has recently, and on more than one occasion, broken into the Real Property.

[9]     The court shall further consider, upon the request of a party in interest such as the United States Trustee and/or the United States Attorney for the Western District of Michigan, whether it has the jurisdiction to issue a report and recommendation referring the Debtor to the United States District Court for the Western District of Michigan for criminal contempt proceedings.

4.      Nothing contained herein shall preclude any party in interest from requesting further relief related to the Debtor's conduct.

5.      The court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

IT IS FURTHER ORDERED THAT pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4, a copy of this Order shall be served upon Jeff A. Moyer, Esq., Lori L. Purkey, Esq., Dean E. Rietberg, Esq. and all creditors listed on the mailing matrix maintained in connection with the above-captioned case.

IT IS FURTHER ORDERED THAT the Clerk shall serve a copy of this Order via first class mail, postage prepaid on the Debtor at the address she maintains on file with this court.

IT IS FURTHER ORDERED THAT the Clerk shall serve a copy of this Order via electronic mail on Andrew J. Vara, Esq. and Matthew W. Cheney, Esq.

IT IS FURTHER ORDRED THAT the Clerk shall serve a courtesy copy of this Order via electronic mail on Mark A. Totten, Esq.

[END OF ORDER]

**Signed: September 29, 2022**




John T. Gregg
United States Bankruptcy Judge