*[NOT FOR PUBLICATION]*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                    Case No. GK 19-05319-jtg

CHRISTINE SKANDIS,                                        Chapter 7

        Debtor.                                          Hon. John T. Gregg

_____/

## OPINION REGARDING MOTION TO
## INVALIDATE NOTICE OF *LIS PENDENS*

Jeff A. Moyer, the chapter 7 trustee (the "Trustee"), filed a motion [Dkt. No. 875] (the "Motion") requesting that the court enter an order invalidating a notice of *lis pendens* (the "Notice") recorded with the Register of Deeds for Allegan County, Michigan (the "Register of Deeds") on July 24, 2023 by Christine Skandis, the debtor in this case (the "Debtor").[1]  The Trustee alleges that the Notice fraudulently imposes a cloud on the title of certain real property located at 312 Hoffman Street, Saugatuck, Michigan 49453 (the "Real Property") that was previously subject to an order authorizing its sale free and clear of all claims, interests and other encumbrances pursuant to 11 U.S.C. § 363(f) [Dkt. No. 788], as amended [Dkt. No. 795] (collectively, the "Sale Order").[2] Because the Notice is an attempt to undermine the Sale Order, the court shall grant the Motion and afford related relief.

## JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).  *Mountain Am. Credit Union v. Skinner (In re Skinner)*,

---

[1]    References to "[Dkt. No.___]" are to entries on the docket in this case.  Because this Opinion is being issued one business day after the filing of the Motion, the court requests that any typos be excused.

[2]    The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq.*  Specific sections of the Bankruptcy Code are identified herein as "section __."

917 F.2d 444, 448 (10th Cir. 1990) (enforcement of order from core proceeding is itself core proceeding); *see also Eglinton v. Loyer (In re G.A.D., Inc.)*, 340 F.3d 331, 336 (6th Cir. 2003) (core proceedings defined in non-exhaustive list).

## BACKGROUND

The facts are thoroughly (and tragically) set forth in numerous written and bench opinions from this court addressing the contemptuous and abusive conduct of the Debtor throughout this case and beyond. *See, e.g.*, *In re Skandis*, 621 B.R. 218 (Bankr. W.D. Mich. 2020); *In re Skandis*, 2022 WL 2706119 (Bankr. W.D. Mich. July 12, 2022); *In re Skandis*, 2022 WL 4587357 (Bankr. W.D. Mich. Sept. 29, 2022); *see also Skandis v. Moyer (In re Skandis)*, 648 B.R. 918 (B.A.P. 6th Cir. 2023); *In re Fuller*, 2020 WL 5948505 (Bankr. W.D. Mich. Oct. 2020).[3] Accordingly, there is no need to reprise them in great detail herein. Nonetheless, the limited facts pertinent to the Motion are as follows:

- On December 26, 2019, the Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code. Approximately six months later, the court entered an order [Dkt. No. 203] converting the Debtor's case to chapter 7. The Trustee was thereafter appointed [Dkt. No. 210].

- On the petition date, the Debtor was the co-owner of the Real Property, which constituted non-exempt property of the estate. In 2022, this court entered a judgement against the Debtor and the co-owner in *Moyer v. Skandis, et al.*, Adv. Proc. No. 22-80017 (Bankr. W.D. Mich.) authorizing the Trustee to sell the Real Property pursuant to section 363(h).

- Thereafter, the Trustee filed a motion [Dkt. No. 754] (the "Sale Motion") to sell the Real Property free and clear of all claims, liens and other encumbrances pursuant to section 363(b) and (f).

---

[3]     The court invites readers of this Opinion to review all of its decisions, as well as the docket on the whole, to truly understand the offensive (and continuing) nature of the Debtor's conduct. As this court previously observed, the Debtor and her business partner/co-owner of the Real Property "have involved this court, the Bankruptcy Court for the Eastern District of Michigan, the United States District Court for the Western District of Michigan, the Bankruptcy Appellate Panel for the Sixth Circuit, and no doubt countless state courts in their abusive escapades." *In re Skandis*, 2022 WL 4587357, at *1 n.3 (Bankr. W.D. Mich. Sept. 29, 2022) (citations omitted).

- Only days before the hearing on the Sale Motion and unbeknownst to any other party in interest or the court, the Debtor caused to be recorded a notice of *lis pendens* (the "First Notice") in order to forestall the closing related to the sale of the Real Property.

- After a hearing regarding the Sale Motion, the court entered the Sale Order on September 22, 2022.  Again, the Sale Order provided that the Trustee was authorized to sell the Real Property free and clear of any and all claims, liens or other encumbrances.  It also afforded to Ed Rosenberg and Kristen Rosenberg, the purchasers of the Real Property (the "Purchasers"), the protections of a good faith purchaser under section 363(m).

- Upon discovering the First Notice, the Trustee filed a motion [Dkt. No. 793] requesting that this court modify the Sale Order to clarify that the First Notice was subject to the Sale Order.  The court granted that motion on an emergency basis by entering an amended Sale Order.  The court also issued a written opinion and order [Dkt. No. 796] rendering the First Notice invalid, void, and of no effect because it violated the automatic stay.

- On or around October 7, 2022, the Trustee, on behalf of the estate, conveyed title to the Purchasers.

- The Debtor filed four (4) appeals in which she requested overlapping relief, including invalidation - whether directly or indirectly - of the Sale Order.  All four appeals were dismissed by the Bankruptcy Appellate Panel for the Sixth Circuit.[4]

With the sale of the Real Property consummated and all appeals related thereto dismissed, it would be tempting to assume that the Trustee's need to protect the sanctity of the Sale Order had reached its end.[5]  However, on or around July 22, 2023, the Debtor, potentially with assistance

---

[4]    *Skandis v. Moyer (In re Skandis)*, Case No. 22-8018 (B.A.P. 6th Cir. Mar. 15, 2023) (opinion and judgment affirming bankruptcy court order denying motion to dismiss); *Skandis v. Moyer (In re Skandis)*, Case No. 22-8019 (B.A.P. 6th Cir. Nov. 17, 2022) (order granting appellee's motion to dismiss); *Skandis v. Moyer (In re Skandis)*, Case No. 22-8020 (B.A.P. 6th Cir. Mar. 15, 2023) (opinion and judgment granting appellee's motion to dismiss); *In re Skandis*, Case No. 22-8021 (B.A.P. 6th Cir. Oct. 21, 2022) (order dismissing appeal for non-prosecution).

[5]    The Trustee reported during a recent status conference that the Debtor, without any interest whatsoever in the Real Property, rented it to innocent third parties.  According to the Trustee, the third parties - a family, no less - thought they had procured a vacation home for a week.  In reality, they simply gave the Debtor thousands of dollars for nothing.  The Debtor continues, seemingly unabated. . .  The court appreciates the efforts by Mr. Moyer to fill the void left by others in order to protect the integrity of the bankruptcy process.  *Contra Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (United States Trustee acts as "watchdog").

from an attorney licensed to practice in the State of Michigan, executed (and presented for recording) the Notice in yet another attempt to cloud title to the Real Property. (Mot. at Ex. A.)

The Notice, like the First Notice, provides as follows:

> Notice is hereby given that suits have been commenced and are pending on complaints filed in the Appellate Panel of the Sixth Circuit by Christine Skandis against, Appellees John T. Gregg (P68464), Jeff A. Moyer (P44671), Lori L. Purkey (P39111), jointly and severally liable. . .

As with the First Notice, the Notice was signed by the Debtor, notarized by a commissioned notary, and thereafter recorded with the Register of Deeds. The Notice was assigned Document No. 2023010568 and recorded at Liber 4873, Page 72 on July 24, 2023.

Four days after the Notice was recorded, the Trustee filed the Motion on an *ex parte* basis. The court held an emergency hearing on July 31, 2023, at which the Trustee, his counsel, and a trial attorney for the United States Trustee appeared.[6] At the conclusion of the hearing, the court took the matter under advisement.

## DISCUSSION

As recognized time and time again by the United States Supreme Court and the Sixth Circuit Court of Appeals, a bankruptcy court has the power to interpret and enforce an order it has previously entered, including an order approving the sale of property of the estate. *See, e.g.*, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *Harper v. Oversight Comm. (In re Conco, Inc.)*, 855 F.3d 703, 711 (6th Cir. 2017). Indeed, where a party in interest engages in conduct that is contrary to a sale order that includes a good faith finding under section 363(m) and no stay pending appeal has been granted, the court may enjoin that party from future conduct

---

[6] During the hearing, the Trustee represented to the court that he had served a copy of the Motion and notice of hearing on the Debtor via email given its emergency nature. The Trustee also informed the court that the Debtor sent communications to the Trustee and the clerk of the court after receiving notice of the hearing. However, consistent with her past practices, the Debtor did not appear at the hearing. Under the egregious circumstances, the court finds that the notice provided to the Debtor was more than sufficient.

undertaken in defiance of the sale order. *Parker v. Goodman (In re Parker)*, 499 F.3d 616, 628 (6th Cir. 2007).

Here, the court entered the Sale Order, which provided that the Trustee was authorized to sell the Real Property free and clear of any and all claims, liens and encumbrances. When the Sale Order was entered, the Debtor maintained no interest in the Real Property, a non-exempt asset constituting property of the estate. Moreover, in the Sale Order, the Purchasers were determined to be good faith purchasers under section 363(m). This court later amended the Sale Order to expressly include the First Notice so as to facilitate the sale through the issuance of a title insurance policy. Finally, the court determined that when the Debtor filed the First Notice seeking to disrupt the sale of property of the estate, she violated the automatic stay.

Unfortunately, the Debtor has persisted with her attempts to hinder or somehow delay the transfer of the estate's interest to the Purchasers, as evidenced by the recording of the Notice only days ago. The Notice expressly references the various appeals undertaken by the Debtor as the (mistaken) justification for its recordation. Setting aside the free and clear nature of the sale, the good faith finding under section 363(m), and the lack of any stay pending appeal, none of the Debtor's appeals remain pending, as the Bankruptcy Appellate Panel of the Sixth Circuit dismissed all of them pursuant to final orders. And the time to appeal those orders has long since passed. In sum, the Debtor has completely exhausted any recourse with respect to the Sale Order, a point this court emphasizes to no end. Quite simply, the Debtor *has absolutely no interest whatsoever* in the Real Property. The court shall therefore enforce the Sale Order by invalidating the Notice.

Additionally, the court shall enjoin the Debtor from taking any further action with respect to the Real Property. *See* 11 U.S.C. § 105(a). As the Sixth Circuit Court of Appeals recognized, "the bankruptcy court must have a means of enjoining conduct in complete defiance of a

consummated sale." *In re Parker*, 499 F.3d at 626-28.  The Debtor has clearly acted in defiance of the Sale Order, leading the court to conclude that an injunction against the Debtor is both necessary and appropriate.

## CONCLUSION

For the foregoing reasons, the Motion is granted.  The court shall enter a separate order consistent with this Opinion.

[END OF OPINION]

**Signed: July 31, 2023**





John T. Gregg
United States Bankruptcy Judge